RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 18a0255p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*,

*v.*

DEWAYNE ROCKYMORE,

*Defendant-Appellee*.

No. 18-5148

───────────────

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 3:17-cr-00021-1—Pamela Lynn Reeves, District Judge.

Decided and Filed:  November 20, 2018

Before:  THAPAR, BUSH, and NALBANDIAN, Circuit Judges.

───────────────

## COUNSEL

───────────────

**ON BRIEF:**  Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellant.  Jennifer Niles Coffin, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee, for Appellee.

───────────────

## OPINION

───────────────

THAPAR, Circuit Judge.  Dewayne Rockymore pled guilty to possessing a firearm as a felon.  The district court declined to enhance his sentence under the Armed Career Criminal Act. Because the district court correctly concluded that Rockymore's prior convictions did not count as "serious drug offenses," we affirm.

I.

When a Tennessee sheriff's deputy noticed a car swerving over the center line, the deputy tried to perform a traffic stop. Rather than yield, however, the veering car sped away. After a high-speed chase, the car ultimately crashed in the woods, and police found Dewayne Rockymore in the passenger seat—with a loaded firearm on the floorboard in front of him. Rockymore subsequently pled guilty to being a felon in possession of a firearm and ammunition. *See* 18 U.S.C. § 922(g)(1).

But this incident was not Rockymore's first experience with law enforcement. In the past, he was convicted of burglary and three delivery-of-cocaine charges. So the government argued that the district court should enhance Rockymore's sentence under the Armed Career Criminal Act. The ACCA mandates that a court enhance an offender's sentence if that offender has at least three prior convictions "for a violent felony or a serious drug offense, or both." *Id.* § 924(e)(1). Although Rockymore conceded that his burglary conviction counted as a "violent felony" and one of his delivery-of-cocaine charges qualified as "a serious drug offense," he contended that the other two delivery-of-cocaine convictions did not fall within the definition of a "serious drug offense." The district court agreed and declined to enhance Rockymore's sentence. The government now appeals.

II.

We review de novo the government's argument that the district court should have enhanced Rockymore's sentence. *United States v. Malone*, 889 F.3d 310, 311 (6th Cir. 2018). Again, under the ACCA, a felon-in-possession like Rockymore who has previously committed three or more violent felonies or serious drug offenses receives an enhanced sentence. 18 U.S.C. § 924(e)(1). An enhancement imposed by the ACCA is no small matter—it increases a felon-in-possession's sentencing range from zero-to-ten years to fifteen-to-life. *Id.* In Rockymore's case, whether the ACCA applies turns on whether his past drug offenses are "serious." Under the ACCA, a "serious drug offense" is any controlled substance conviction for which the "maximum term of imprisonment" is ten or more years. *Id.* § 924(e)(2)(A)(ii). Since Rockymore's two

contested convictions were Tennessee convictions, we look to Tennessee law to determine the statutory maximum. *See id.*

Unfortunately, Tennessee's criminal sentencing scheme is sufficiently complicated that even Tennessee courts have experienced difficulty in understanding the different classes, ranges, and tiers involved in making a sentencing determination. The Supreme Court of Tennessee has noted that "[d]rawing the distinction among these various categories has proved vexatious for our courts . . . ." *Cantrell v. Easterling*, 346 S.W.3d 445, 453 (Tenn. 2011). So determining the statutory maximum is not as simple as reading one provision of Tennessee's criminal code. Instead, Tennessee has two different sentencing provisions that work in concert. The first provision (the felony-based statute) classifies felonies and their corresponding authorized sentences. *See* Tenn. Code Ann. § 40-35-111. Tennessee courts start with this provision to "classify" a felony before determining a defendant's sentence. *Id.* § 40-35-210(a); *see United States v. Brown*, 516 F. App'x 461, 466 (6th Cir. 2013). There are five classes of felonies, A through E, and the felony-based statute authorizes a different sentence range for each felony class. Tenn. Code Ann. § 40-35-111. For instance, delivery-of-cocaine is a Class C felony. *Id.* § 39-17-417(a)(2), (c)(2)(A). And the felony-based statute "authorize[s]" Tennessee courts to punish Class C felonies with a minimum three-year sentence and a maximum fifteen-year sentence. *Id.* § 40-35-111(b)(3).

But then the second Tennessee sentencing provision (the ranged-based statute) comes into play, narrowing the permissible range based on the defendant's criminal history. The range-based statute takes each felony class's authorized sentence and narrows those sentences into "Ranges" that correspond with the defendant's prior record. *Id.* § 40-35-112. A defendant with no criminal background, for example, would fall into "Range I." *Id.* § 40-35-105(a), (b). And a Range I defendant who commits a Class C felony can be sentenced between three-to-six years in prison. *Id.* § 40-35-112(a)(3). Unlike the federal sentencing guidelines, these specific ranges are mandatory; Tennessee courts "*shall* impose a sentence within the *range* of punishment, determined by [the defendant's criminal history]." *Id.* § 40-35-210(c) (emphasis added); *compare United States v. Booker*, 543 U.S. 220, 246 (2005) (holding that the federal guidelines are advisory), *with McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000) (holding that

Tennessee courts do not "condone departures from the maximum and minimum sentencing guidelines . . ."). If the state wants to pursue a higher sentence, it must file an advance notice, and the court must then find beyond a reasonable doubt that the defendant belongs in a higher range. Tenn. Code Ann. §§ 40-35-202, 40-35-106(c).

The ACCA mandates that we consider both statutes. Under the ACCA, a serious drug offense requires a "maximum term of imprisonment . . . prescribed by *law*." 18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added). And both the felony-based statute and the range-based statute set out the relevant "law." *Rodriquez*, 553 U.S. at 382–83. We are not at liberty to zoom in on one while ignoring the other. *Cf. Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1624 (2018) ("When confronted with two [laws] allegedly touching on the same topic, this Court is not at 'liberty to pick and choose among [legislative] enactments' and must instead strive 'to give effect to both.'" (quoting *Morton v. Mancari*, 417 U.S. 535, 551 (1974))). Instead, we must look at all the relevant "law" that Tennessee applies to sentencing. *See Rodriquez*, 553 U.S. at 382–83; *cf.* Edward Coke, *The First Part of the Institutes of the Laws of England* § 728, at 381a ("[I]t is the most natural and genuine exposition of a [s]tatute to construe one part of the [s]tatute by another part of the same [s]tatute, for that best expresseth the meaning of the makers.").

The district court considered both statutes when sentencing Rockymore. First, the district court classified Rockymore's delivery-of-cocaine convictions as Class C felonies under Tennessee law. Then the court determined that Rockymore fell within Range I for both convictions. The record did not show that the state even sought a higher range, much less that it proved Rockymore qualified for one beyond a reasonable doubt. So the district court properly found that, as a Range I offender convicted of two Class C felonies, Rockymore faced a six-year-maximum sentence for each. That is four years short of the ten-year maximum required for a "serious drug offense" under the ACCA.

The government claims that the district court erred by considering both statutes. According to the government, the felony-based statute alone sets the "maximum term of imprisonment." For support, it presents several cases where the Tennessee Supreme Court upheld sentences that exceeded the range-based statute. In these cases, the Tennessee Supreme Court stated that, as long as the sentence fell within the range set forth in the broader felony-

based statute, a sentence exceeding the range-based statute was not "illegal." *Cantrell*, 346 S.W.3d at 455; *accord Hoover v. State*, 215 S.W.3d 776, 779 (Tenn. 2007). But the government's cases are inapposite here because they fall into two inapplicable categories. On the one hand, the government provides cases where a defendant challenged his sentence in a post-conviction proceeding. *See, e.g.*, *Cantrell*, 346 S.W.3d at 453–54. Yet, in Tennessee, a defendant *cannot* challenge the length of his sentence in a post-conviction proceeding; the defendant must do so on direct appeal alone. Tenn. Code Ann. § 40-35-401(a); *Cantrell*, 346 S.W.3d at 449–50. So these cases did not so much concern proper sentencing ranges as they did the limited power of Tennessee courts in reviewing sentencing in "post-conviction or habeas corpus proceeding[s]." Tenn. Code. Ann. § 40-35-401(a); *Edwards v. State*, 269 S.W.3d 915, 924 (Tenn. 2008) ("[H]abeas corpus relief is not available to remedy non-jurisdictional errors, i.e., factual or legal errors a court makes in the exercise of its jurisdiction."). Plus, in cases where the defendant directly appealed his sentence—where the courts do have greater authority to review sentences—the Tennessee courts upheld sentences only if they were "within the appropriate range" set forth in the narrower range-based statute. *State v. Bise*, 380 S.W.3d 682, 709 (Tenn. 2012). On the other hand, the government cites cases where the defendant *agreed* in a plea bargain to receive a sentence beyond the maximum range. *See, e.g.*, *Hoover*, 215 S.W.3d at 780. Although "an *erroneous* range classification can be waived by the action of a defendant," that does not suddenly transform a "wrong" sentence into a right one. *State v. Watkins*, 804 S.W.2d 884, 886 (Tenn. 1991) (emphasis added). So these cases only show that a defendant can agree to a wrong sentencing range—not that the felony-based statute provides the right range.[1]

---

[1]Unlike the federal system, Tennessee allows defendants to accept a higher sentence than that imposed by the range-based statute so long as it falls within the broader felony-based statute's authorized sentences. Tennessee courts have noted that such a deal is a "common tool in plea bargaining," and the Tennessee legislature has implicitly approved the practice. *Watkins*, 804 S.W.2d at 886; *see also Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997). This feature of Tennessee law complicates this case. To be sure, in this context, Tennessee courts have used language that suggests that the broader felony-based statute provides the "maximum term of imprisonment." *See, e.g.*, *Hoover*, 215 S.W.3d at 780 ("A plea-bargained sentence may legally exceed the maximum available in the offender Range so long as the sentence does not exceed the maximum punishment authorized for the plea offense."). But in practice, a defendant like Rockymore is not subject to the broader penalty unless he agrees to a plea-bargained sentence (which waives any objection to his offender classification). This is what happened in *Hoover*, where the defendant "had been charged with first degree murder, and he pled guilty to second degree murder and received a plea-bargained sentence of thirty-five years." *Id.* (citing *McConnell*, 12 S.W.3d at 796). Hoover's sentence was above his offender range but "below the maximum punishment authorized for the Class A felony offense of second degree murder." *Id.* In these narrow circumstances (by virtue of the plea-bargain), the defendant

Finally, the government argues that the range-based statute does not set the "maximum term of imprisonment" because it focuses on the offender—and the ACCA is offense-based, not offender-based. *See Rodriquez*, 553 U.S. at 382. But the government misconstrues how the range-based statute operates. Tennessee directly links a defendant's criminal history with the maximum sentence that the defendant can receive. Tenn. Code Ann. § 40-35-210(c). Whereas the statute also offers various advisory guidelines that the courts *can* consider for the specific sentence, it nonetheless mandates that "[t]he court *shall* impose a sentence within the range of punishment." *Id.* In essence, that means that the sentencing ranges function like recidivist enhancements. *See Houston v. United States*, Nos. 1:13-CR-102-CLC-SKL-1, 1:15-CV-270-CLC, 2018 WL 3212021, at *7 (E.D. Tenn. June 29, 2018). And, under *Rodriquez*, only recidivist enhancements that a defendant could actually receive can be considered when determining the "maximum term of imprisonment." 553 U.S. at 389 ("[I]n those cases in which the records that may properly be consulted do not show that the defendant faced the possibility of a recidivist enhancement, it may well be that the Government will be precluded from establishing that a conviction was for a qualifying offense."); *see also United States v. Pruitt*, 545 F.3d 416, 423 (6th Cir. 2008) (finding that a recidivist enhancement "can be accounted for in determining the 'maximum term of imprisonment' under the ACCA only if the particular defendant was subject to the enhancement"). Because the state did not seek a higher range when prosecuting Rockymore, he accordingly was never subject to the enhancements. Therefore, the "maximum term of imprisonment" that he could have received was six years. *Pruitt*, 545 F.3d at 423.

In any event, even if the government's interpretation was as good as Rockymore's (though it is not), that would make Tennessee's statutory scheme ambiguous at best. And a criminal defendant should not go from a sentencing range of zero-to-ten to a range of fifteen-to-life based on one possible reading of an ambiguous statutory scheme. *See United States v. Santos*, 553 U.S. 507, 514 (2008) (plurality opinion) ("The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them."). The rule of lenity necessitates that courts, when faced with two equally-persuasive interpretations of a criminal

would be subject to the ACCA's enhancement under the broader felony-based statute. But for defendants like Rockymore, the range-based statute provides their maximum sentence.

statute, accept the defendant's construction. *Bifulco v. United States*, 447 U.S. 381, 387 (1980) (noting that the rule of lenity applies to criminal "penalties"); *see Smith v. United States*, 508 U.S. 223, 246 (1993) (Scalia, J., dissenting) ("Even if the reader does not consider the issue to be as clear as I do, he must at least acknowledge, I think, that it is eminently debatable—and that is enough, under the rule of lenity, to require finding for the [defendant] here."); *see also* 1 William Blackstone, *Commentaries on the Laws of England* \*88 ("Penal statutes must be construed strictly."). Here, to increase Rockymore's sentence under the ACCA, the government needed to do more.

*        *        *

The district court properly found that Rockymore could not have faced a "maximum term of imprisonment" of ten years or more for his two Class C, Range I delivery-of-cocaine convictions. At most, Rockymore could have received six years for them. Accordingly, these convictions do not count as "serious drug offenses" under the ACCA, and Rockymore does not qualify for an enhanced sentence.

We affirm.