**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JOSE MANUEL VALENCIA-
MENDOZA, aka Jose
Valencia-Vargas,
*Defendant-Appellant*.

No. 17-30158

D.C. No.
2:16-cr-00113-RMP-1

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted December 6, 2018
Seattle, Washington

Filed January 10, 2019

Before: Susan P. Graber, M. Margaret McKeown, and
Morgan B. Christen, Circuit Judges.

Opinion by Judge Graber

## SUMMARY[*]

### Criminal Law

The panel vacated a sentence for unlawfully reentering the United States after having been removed, and remanded for resentencing, in a case in which the district court applied a four-level increase to the offense level under U.S.S.G. § 2L1.2 on the ground that, prior to his removal order, the defendant had been convicted of a Washington state offense punishable by imprisonment for a term exceeding one year.

In applying the four-level increase because the defendant's Washington conviction carried a general statutory maximum term of imprisonment of five years, the district court applied this court's precedent which required the district court to disregard the maximum term that the defendant actually could have received under state law. The panel held that this precedent is irreconcilable with later Supreme Court decisions—*Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), and *Moncrieffe v. Holder*, 569 U.S. 184 (2013), which held that when determining whether an offense is "punishable" by a certain term of imprisonment, courts must consider both a crime's statutory elements and sentencing factors—and must be overruled.

Because under the Washington statutes that prescribe a binding sentencing range, the actual maximum term that the defendant could have received was six months, the panel held

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

that the district court erred by concluding that the defendant's offense was punishable by more than one year in prison.

## COUNSEL

William Miles Pope (argued), Federal Defenders of Eastern Washington & Idaho, Spokane, Washington, for Defendant-Appellant.

Matthew F. Duggan (argued), Assistant United States Attorney; Joseph H. Harrington, United States Attorney; United States Attorney's Office, Spokane, Washington; for Plaintiff-Appellee.

## OPINION

GRABER, Circuit Judge:

Defendant Jose Manuel Valencia-Mendoza pleaded guilty to unlawfully reentering the United States after having been removed, in violation of 8 U.S.C. § 1326(a). At sentencing, the district court applied a four-level increase to the total offense level, under United States Sentencing Guideline § 2L1.2, because the court concluded that Defendant had been convicted of a "felony" under Washington law. The commentary to § 2L1.2 defines "felony" as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2 cmt. n.2. Defendant's conviction under Washington law carried a general statutory maximum term of imprisonment of five years. The district court faithfully applied our precedent and stopped its analysis there: Because the general statutory

maximum exceeded one year, the enhancement under § 2L1.2 applied.

But the *actual* maximum term that Defendant could have received was only six months, because Washington law imposed a mandatory sentencing range. Our precedent required the district court to disregard the maximum term that Defendant actually could have received under state law, in favor of the maximum term that Defendant theoretically could have received if different factual circumstances were present. Reviewing de novo the interpretation of the Sentencing Guidelines, *United States v. Martinez*, 870 F.3d 1163, 1165 (9th Cir. 2017), we conclude that later Supreme Court decisions are clearly irreconcilable with our precedent on this point. Accordingly, we vacate the sentence and remand for resentencing.

FACTUAL AND PROCEDURAL HISTORY

In 2007, Defendant was convicted in Washington state court of possession of cocaine, in violation of Revised Code of Washington ("RCW") section 69.50.4013.[1] Defendant's conviction was for a "class C felony punishable under chapter 9A.20 RCW." RCW § 69.50.4013(2). Section 9A.20.021 provided, in turn:

> Unless a different maximum sentence for a classified felony is specifically established by a statute, no person convicted of a classified felony shall be punished by confinement or fine exceeding the following:

---

[1] All citations to the RCW are to the version in effect in late 2007, when Defendant was indicted, convicted, and sentenced.

. . . .

    (c) For a class C felony, by confinement in
a state correctional institution for five years,
or by a fine in an amount fixed by the court of
ten thousand dollars, or by both such
confinement and fine.

The general statutory maximum term of imprisonment for
Defendant's crime was, therefore, five years.

    But, in addition to providing statutory maximum terms,
Washington law specified *mandatory* limits on criminal
sentences. RCW section 9.94A.505 provided, at the relevant
time: "Unless another term of confinement applies, the court
*shall* impose a sentence within the standard sentence range
established in RCW 9.94A.510 or 9.94A.517." (Emphasis
added.) Section 9.94A.517 applied to drug convictions and
provided a two-dimensional "[d]rug offense sentencing grid."
The grid defined the "standard sentence range[]" for an
offense, depending on the "seriousness level" and the
"offender score." RCW § 9.94A.517(1).

    Defendant's crime had a "seriousness level" of "I." *See*
RCW § 9.94A.520 ("The offense seriousness level is
determined by the offense of conviction."); RCW
§ 9.94A.518 (defining convictions under section 69.50.4013
as having a seriousness level of "I"). The state court
calculated Defendant's "offender score" as 0. *See* RCW
§ 9.94A.525 (providing detailed calculation of "offender
score"). Turning back to the drug offense sentencing grid, the
"standard sentence range" for seriousness level I and offender
level 0 was "0 to 6 months." RCW § 9.94A.517(1).

If certain aggravating circumstances were present, the statutes contained adjustments to that range. RCW § 9.94A.533. For example, the presence or use of a firearm could have resulted in a standard range that exceeded the sentencing range described in the two-dimensional chart. RCW § 9.94A.533(3)–(5). But none of those circumstances was found to be present, so Defendant's final standard range was zero to six months.[2] Defendant's state criminal judgment summarized the available sentence in a tidy table reproduced below.

| COUNT NO. | OFFENDER SCORE | SERIOUSNESS LEVEL | STANDARD RANGE (not including enhancements) | Plus Enhancements for Firearm (F), other deadly weapon finding (D), VUCSA (V) in a protected zone, Veh. Hom. (VH). See RCW 46.61.520 or Juvenile present (JP); Sexual Motivation (SM) | Total STANDARD RANGE (including enhancements) | MAXIMUM TERM |
|---|---|---|---|---|---|---|
| 1 | 0 | 1 | 0 to 6 months | N/A | 0 to 6 months | 5 years $10,000.00 |

The calculation of the final standard range (sometimes referred to as the "presumptive sentence") does not end the statutory analysis. Washington law allowed the sentencing court to deviate from the standard range—but only if certain statutorily permitted findings were made. Section 9.94A.535, titled "[d]epartures from the guidelines," provided that "[t]he

---

[2] In most cases, the statutory maximum term of imprisonment acted as an absolute cap on the adjustments that could apply to the standard sentence range. That is, if the adjustments led to a standard sentence range that exceeded the statutory maximum, then the standard sentence range was the statutory maximum. Different rules applied, however, if the defendant was a "persistent offender." RCW § 9.94A.533(3)(g). In some cases, then, the defendant could have been sentenced to a term of imprisonment greater than the statutory maximum as defined in RCW section 9.94A.505. That possibility in an exceptional case is not at issue here and does not affect our analysis.

court may impose a sentence outside the standard sentence range for an offense if it finds, considering the purpose of this chapter, that there are substantial and compelling reasons justifying an exceptional sentence." It further provided that "[w]henever a sentence outside the standard sentence range is imposed, the court shall set forth the reasons for its decision in written findings of fact and conclusions of law." RCW § 9.94A.535. (By contrast, sentences within the standard range could be imposed without special descriptions. RCW § 9.94A.530(1).)

Critically, whether "substantial and compelling reasons" exist was *not* an open-ended inquiry. The statute specified two categories of aggravating circumstances that permitted departure from the guidelines: findings by the sentencing court and findings by a jury. *See* RCW § 9.94A.535(2) (listing the four aggravating circumstances that could be found by the sentencing court); RCW § 9.94A.535(3) (listing the 26 aggravating circumstances that could be found by the jury). If an aggravating circumstance was found, then the sentencing court could impose a sentence up to the statutory maximum term. RCW § 9.94A.537(6). But unless one of the statutorily specified aggravated circumstances was found, the sentencing court was *required* to impose a sentence within the standard range. RCW § 9.94A.505.

In Defendant's case, as reflected on the face of the criminal judgment, neither the court nor the jury found an aggravating circumstance. Accordingly, Washington law required the sentencing court to impose a sentence within the final standard sentence range of zero to six months. The state court selected 30 days in jail.

Following that conviction, Defendant was removed from the United States. In 2016, the government indicted Defendant for unlawfully reentering the United States after having been removed, in violation of 8 U.S.C. § 1326(a). Defendant pleaded guilty, without a plea agreement.

At sentencing, the district court applied a four-level enhancement under U.S.S.G. § 2L1.2. The relevant Guideline[3] provided:

> If, before the defendant was ordered deported or ordered removed from the United States for the first time, the defendant sustained–
>
> . . . .
>
> (D) a conviction for any other felony offense (other than an illegal reentry offense), increase by 4 levels.

U.S.S.G. § 2L1.2(b)(2) (2016); *see also id.* § 2L1.2(b)(1)(D) (2015) (using similar text). As noted, the commentary to the Guideline defined the term "felony":

> "Felony" means any federal, state, or local offense punishable by imprisonment for a term exceeding one year.

---

[3] Defendant was sentenced on August 17, 2017, so the applicable version of the Guidelines is the November 1, 2016 version. *United States v. Valdavinos-Torres*, 704 F.3d 679, 692 (9th Cir. 2012) (citing 18 U.S.C. § 3553(a)(4)(A)(ii)); *accord* U.S.S.G. § 1B1.11(a).

*Id.* § 2L1.2 cmt. n.2 (2016); *see also id.* § 2L1.2 cmt. n.2 (2015) (defining the term identically). The court concluded that Defendant had sustained a felony conviction in Washington because the statutory maximum term of imprisonment for the drug conviction was five years. The court sentenced Defendant to 24 months of imprisonment. Defendant timely appeals, challenging only the four-level enhancement.

## DISCUSSION

We must decide whether Defendant's state conviction was a "felony" for purposes of the federal Sentencing Guideline. According to the government, the statutory maximum punishment for Defendant's state offense was five years, so he was convicted of an "offense punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2 cmt. n.2. Defendant acknowledges the statutory maximum but argues that, because the maximum sentence that he *actually* could have received was only six months, he was not convicted of an "offense punishable by imprisonment for a term exceeding one year." *Id.*

A number of years ago, we sided with the government's argument. In *United States v. Rios-Beltran*, 361 F.3d 1204, 1208 (9th Cir. 2004), the defendant asserted that, under Oregon law, "the maximum term of imprisonment the trial court could impose for his conviction was 90 days." We rejected the relevance of the mandatory sentencing range under state law:

> The actual sentence imposed on an individual for a prior conviction, or the actual sentence that potentially could have been

> imposed based upon the particular facts of that person's case, is not the relevant inquiry. We look to the maximum penalty allowed by law in determining whether a prior conviction constitutes an aggravated felony under state law for purposes of § 2L1.2.

*Id.* The defendant "was convicted under an Oregon statute which carries a maximum term of imprisonment of five years. The fact that the state's 'guideline' sentence is less than that does not alter the statutory maximum." *Id.* at 1209 (citations omitted).

We used the same reasoning with respect to Washington's sentencing scheme in *United States v. Murillo*, 422 F.3d 1152 (9th Cir. 2005). The federal inquiry was whether the defendant previously had been convicted of "a crime punishable by imprisonment for a term exceeding one year." *Id.* at 1153 (quoting 18 U.S.C. § 922(g)(1)). The defendant argued that, under Washington law,

> the maximum sentence a court may impose for a crime is defined by the maximum term that may be imposed based solely on the facts established by a guilty verdict. If no aggravating factors are pleaded and proved, then the maximum sentence must be considered the maximum of the range in the state's sentencing guideline grid, not the maximum set by the state's applicable criminal statute.

*Id.* at 1154. We disagreed: "the maximum sentence is the statutory maximum sentence for the offense, not the

maximum sentence available in the particular case under the sentencing guidelines." *Id.*; *see also id.* at 1155 (concluding that the relevant maximum sentence is "the potential maximum sentence defined by the applicable state criminal statute, not the maximum sentence which could have been imposed against the particular defendant for his commission of that crime according to the state's sentencing guidelines"); *see also United States v. Crawford*, 520 F.3d 1072, 1079–80 (9th Cir. 2008) (applying *Murillo*'s holding to the determination under federal Guideline § 4B1.2(b) whether a Washington conviction was for "an offense under federal or state law, punishable by imprisonment for a term exceeding one year").

Unless there is a higher intervening authority, those cases control. We conclude that our earlier holdings are "clearly irreconcilable," *Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc), with two later Supreme Court precedents: *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), and *Moncrieffe v. Holder*, 569 U.S. 184 (2013).

In *Carachuri-Rosendo*, the Board of Immigration Appeals concluded that the petitioner had been convicted of an "aggravated felony" under the immigration laws. 560 U.S. at 571–72. The petitioner's earlier conviction was in Texas state court for simple possession of a controlled substance. *Id.* at 570–71. Before that, the petitioner had been convicted of a separate drug crime under state law. *Id.* at 570. Understanding the federal statutory term "aggravated felony" required navigating a "maze of statutory cross-references," which asked in part whether the crime was a "drug trafficking" crime. *Id.* at 567. The courts had to determine whether the petitioner's conduct was "punishable" as a felony under federal criminal laws. *Id.* at 566–70. "A felony is a

crime for which the 'maximum term of imprisonment authorized' is 'more than one year.'" *Id.* at 567 (quoting 18 U.S.C. § 3559(a)).

Title 21 U.S.C. § 844(a) governs simple possession under federal law.  It provided, in relevant part:

> Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, . . . except that if he commits such offense after . . . a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for . . . not more than 2 years . . . .

21 U.S.C. § 844(a) (2010).  The Supreme Court noted that, although a prior conviction need not be found by a jury, the Court would nevertheless describe the crime as two separate crimes:  "first-time simple possession" (a misdemeanor because the maximum penalty is one year) and "recidivist simple possession" (a felony because the maximum penalty is more than one year).  *Carachuri-Rosendo*, 560 U.S. at 567–68 & n.3.  The Court also noted that, to prove recidivist simple possession, the prosecutor must provide pretrial notice.  *Id.* at 568–69.  The government argued that the petitioner's crime was punishable under federal law by more than one year of imprisonment because, had the petitioner been prosecuted federally, the federal prosecutor could have alleged the petitioner's prior conviction and, accordingly, convicted him of recidivist simple possession, a felony.  *Id.* at 570.

The Court rejected the government's position and the more generic "hypothetical approach" for five reasons. *Id.* at 575–81. First, "and most fundamentally," the government's argument ignored the fact that the petitioner had been *convicted* in state court of only simple possession, not recidivist simple possession. *Id.* at 576–77. Second, as noted, in order to convict a defendant under federal law of recidivist simple possession, the government must give notice and an opportunity to defend against that charge. *Id.* at 578. The petitioner had not received such notice, even though Texas law allows for a similar procedural mechanism; to permit an immigration judge to rule that the petitioner could have been convicted of recidivism "would denigrate the independent judgment of state prosecutors to execute the laws of those sovereigns." *Id.* at 580. Third, the government's position misapplied the Court's precedent:

> Not only does the Government wish us to consider a fictional federal felony—whether the crime for which Carachuri–Rosendo was actually convicted would be a felony under the Controlled Substances Act—but the Government also wants us to consider facts not at issue in the crime of conviction (*i.e.*, the existence of a prior conviction) to determine whether Carachuri–Rosendo *could have* been charged with a federal felony. This methodology is far removed from the more focused, categorical inquiry employed in [an earlier case].

*Id.* Fourth, the government's position is inconsistent with federal prosecutorial practice: "The Government's 'hypothetical' approach to this case is therefore misleading as

well as speculative, in that Carachuri–Rosendo's federal-court counterpart would *not*, in actuality, have faced any felony charge." *Id.* at 581. Finally, ambiguities in criminal laws should be construed in the non-citizen's favor. *Id.*

In *Moncrieffe*, 569 U.S. at 188, the Supreme Court analyzed the same maze of federal statutory cross-references, beginning with the immigration law's term "aggravated felony."

> The upshot is that a noncitizen's conviction of an offense that the [Federal] Controlled Substances Act (CSA) makes punishable by more than one year's imprisonment will be counted as an "aggravated felony" for immigration purposes. A conviction under either state or federal law may qualify, but a state offense constitutes a "felony punishable under the Controlled Substances Act" only if it proscribes conduct punishable as a felony under that federal law.

*Id.* (some internal quotation marks omitted). The petitioner had pleaded guilty, in Georgia state court, to possession with intent to distribute a small amount of marijuana. *Id.* at 188–89. The Board of Immigration Appeals held that the conviction constituted an "aggravated felony" for immigration purposes, and the Fifth Circuit denied the petition for review. *Id.* at 189. The Supreme Court reversed. *Id.* at 190.

Under the statutory scheme at issue, "to satisfy the categorical approach, a state drug offense must meet two

conditions: It must 'necessarily' proscribe conduct that is an offense under the CSA, and the CSA must 'necessarily' prescribe felony punishment for that conduct." *Id.* at 192. Turning to the CSA, the Court noted that possession of marijuana with intent to distribute is a federal crime under 21 U.S.C. § 841(a)(1). *Id.* The Court then held that "we must look to what punishment the CSA imposes for this offense." *Id.* at 193.

Section 841(b)(1)(D) provides:

> In the case of less than 50 kilograms of marihuana, . . . such person shall, except as provided in paragraphs (4) and (5) of this subsection, be sentenced to a term of imprisonment of not more than 5 years . . . .

Paragraph (4), in turn, provides:

> Notwithstanding paragraph (1)(D) of this subsection, any person who violates subsection (a) of this section by distributing a small amount of marihuana for no remuneration shall be treated as [a simple drug possessor, subject to no more than a year in prison].

21 U.S.C. § 841(b)(4). "These dovetailing provisions create two mutually exclusive categories of punishment for CSA marijuana distribution offenses: one a felony, and one not. The only way to know whether a marijuana distribution offense is punishable as a felony under the CSA is to know whether the conditions described in paragraph (4) are present or absent." *Moncrieffe*, 569 U.S. at 194 (internal quotation

marks and citation omitted).  Because Georgia law does not require proof of remuneration, the record was ambiguous. *Id.* "Ambiguity on this point means that the conviction did not 'necessarily' involve facts that correspond to an offense punishable as a felony under the CSA." *Id.* at 194–95.

The government had argued that paragraph (4) was merely a mitigating "sentencing factor," not an "element" of the offense, so the "offense" was punishable by more than a year. *Id.* at 195.  The Court disagreed that the label mattered, largely because of the reasoning of *Carachuri-Rosendo*:

> [The government's position] is inconsistent with *Carachuri–Rosendo*, our only decision to address both "elements" and "sentencing factors."  There we recognized that when Congress has chosen to define the generic federal offense by reference to punishment, it may be necessary to take account of federal sentencing factors too.  *See* 130 S. Ct., at 2581–2582.  In that case the relevant CSA offense was simple possession, which "becomes a 'felony punishable under the [CSA]' only because the sentencing factor of recidivism authorizes additional punishment beyond one year, the criterion for a felony." *Id.*, 130 S. Ct., at 2590 (SCALIA, J., concurring in judgment).  We therefore called the generic federal offense "recidivist simple possession," even though such a crime is not actually "a separate offense" under the CSA, but rather an "'amalgam'" of offense elements and sentencing factors.

In other words, not only must the state offense of conviction meet the "elements" of the generic federal offense defined by the INA, but the CSA must punish that offense as a felony.  Here, the facts giving rise to the CSA offense establish a crime that may be either a felony or a misdemeanor, depending upon the presence or absence of certain factors that are not themselves elements of the crime.  And so to qualify as an aggravated felony, a conviction for the predicate offense must necessarily establish those factors as well.

*Moncrieffe*, 569 U.S. at 195–96 (one citation omitted).

The outcome in a hypothetical prosecution is not the relevant inquiry. Rather, our "more focused, categorical inquiry" is whether the record of conviction of the predicate offense necessarily establishes conduct that the CSA, on its own terms, makes punishable as a felony. . . .    [W]e made clear in *Carachuri–Rosendo* that, for purposes of the INA, a generic federal offense may be defined by reference to both "'elements' in the traditional sense" and sentencing factors.

*Id.* at 197–98 (citations omitted).

Although those Supreme Court cases arose under different statutes, they are central to our analysis here.  The cases concerned the interpretation of immigration laws and federal crimes under the Controlled Substances Act.  Here, by

contrast, we must interpret the meaning of Sentencing Guideline § 2L1.2.  We recognize that

> "[t]he clearly irreconcilable requirement is a high standard."  *United States v. Robertson*, 875 F.3d 1281, 1291 (9th Cir. 2017) (quotation marks omitted).  Accordingly, "[i]t is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent."  *Id.*  "So long as the court can apply our prior circuit precedent without running afoul of the intervening authority it must do so."  *Id.* (quotation marks omitted).

*Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018) (second alteration in original).  But we are persuaded that our earlier precedents cannot survive.

The Washington statute, like the federal CSA, defined only one crime by elements.  *Moncrieffe*, 569 U.S. at 195–96.  And the Washington statute, like the federal CSA, imposed different statutory maximum sentences depending on an amalgam of elements and sentencing factors.  *Id.*  We held in *Rios-Beltran*, *Murillo*, and *Crawford* that, when considering whether a crime is "punishable" by more than one year, we would look *solely* to the statutory maximum term of imprisonment that corresponds to the elements of the crime charged; we declined to consider sentencing factors.  But in *Carachuri-Rosendo* and *Moncrieffe*, the Supreme Court held that, when considering whether a crime is "punishable" by more than one year, the court must examine both the elements *and the sentencing factors* that correspond to the crime of

conviction.  Accordingly, we hold that our earlier precedents are irreconcilable with *Carachuri-Rosendo* and *Moncrieffe* and must be overruled.

The Supreme Court's decision in *United States v. Rodriquez*, 553 U.S. 377 (2008), is not to the contrary. There, the Supreme Court assessed the meaning of the statutory phrase "'maximum term of imprisonment . . . prescribed by law.'"    *Id.* at 380 (quoting 18 U.S.C. § 924(e)(2)(A)(ii)).  The Court held that Congress intended for courts to consider recidivist sentencing enhancements in determining the maximum term of imprisonment. *Id.* at 393. In its analysis, the Court rejected the notion that the top sentence of a mandatory guidelines range—Washington state's guidelines in particular—was a relevant consideration. *Id.* at 390–93.  First, the Court held that the top sentence is not truly the maximum because Washington law at the relevant time permitted a sentencing judge to deviate for *any* substantial and compelling reason; that discretion was not limited by statute.  *Id.* at 390–91 & n.5.  Second, the Court held that the specific concept of the "maximum term of imprisonment" was always understood to mean the statutory maximum, without regard to sentencing factors.  *Id.* at 391–92.

Two important distinctions make *Rodriquez* irrelevant to our analysis.  First, unlike the statutory question at issue there—what is the "maximum term of imprisonment . . . prescribed by law"—the question at issue here is whether Defendant was convicted of an offense "punishable" by more than one year.  "Punishable" suggests a realistic look at what a particular defendant actually could receive, whereas "maximum term of imprisonment . . . prescribed by law"

suggests a mechanistic examination of the highest possible term in the statute.

Second, Washington law is now materially more restrictive than it was at the time of the relevant events in *Rodriquez*. Under Washington law when Defendant was convicted, the sentencing court could not deviate from the statutory sentencing range unless it found that one of four specific factual circumstances was present. It is plain from the state criminal judgment that the sentencing court did *not* find any of those circumstances, so the sentencing court was bound by the statutory sentencing range. In other words, the top sentence of the guidelines range *was* the maximum possible *statutory* punishment. *See United States v. Rockymore*, 909 F.3d 167, 172 (6th Cir. 2018) ("Because the state [of Tennessee] did not seek a higher range when prosecuting Rockymore, he accordingly was never subject to the enhancements. Therefore, the 'maximum term of imprisonment' that he could have received was [the maximum term defined by the statutory sentencing guidelines]."). That distinction—between (as here) statutorily defined factual circumstances and (as in *Rodriquez*) an open-ended inquiry into any potential factual circumstance—is important because it defines the maximum possible punishment *assigned by the legislature*. *See id.* at 171 (holding that, to determine the maximum term of imprisonment under Tennessee law and *Rodriquez*, the court must look to the mandatory sentencing scheme, including the "offender-based" attributes).

Our holding today accords with decisions by several sister circuits. Both the Eighth and Tenth Circuits have held that, when determining whether a Kansas offense is "punishable" by more than one year in prison, the Supreme Court's recent

cases require an examination of the maximum sentence possible under the state's mandatory sentencing guidelines. *United States v. Brooks*, 751 F.3d 1204, 1209–13 (10th Cir. 2014); *United States v. Haltiwanger*, 637 F.3d 881, 883–84 (8th Cir. 2011). Similarly, the Fourth Circuit has held that, when determining whether a North Carolina offense is "punishable" by a prison term of more than one year, the Supreme Court's recent cases require the court to consider the maximum sentence possible under the state's mandatory sentencing guidelines. *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). We are aware of no relevant circuit precedent to the contrary.[4]

---

**[4]** Our holding today also finds a surprising ally: *the government*'s position in several cases in the Fifth Circuit. For example, in a case involving the mandatory sentencing regime in Oregon, the government asserted, in a motion to remand for resentencing:

> To be "punishable" as a felony—that is, by imprisonment for a term exceeding one year—a prior state conviction must establish all the elements and sentencing factors necessary to authorize the punishment beyond one year. *See Moncrieffe*, 133 S. Ct. at 1685-87; *Carachuri-Rosendo*, 560 U.S. at 569-70. The presumptive sentences in each of Martinez's cases—the maximum sentence the state court could impose without additional fact-finding—are below one year, so that neither prior conviction counts as a "felony."

*United States v. Martinez*, No. 14-41020, United States' Agreed Motion for Summary Remand (5th Cir. Jan. 14, 2015) (one citation truncated); *accord United States v. Zacarias-Lopez*, No. 13-41011, Government's Agreed Motion for Summary Remand (5th Cir. Oct. 22, 2014); *United States v. Garcia-Duarte*, No. 14-40516, United States' Agreed Motion for Summary Remand (5th Cir. Oct. 30, 2014); *see also Brooks*, 751 F.3d at 1213 n.7 (reviewing briefs filed by the government in cases originating in the Sixth Circuit and concluding that "the Government has seemingly

In sum, the Supreme Court has held that courts must consider *both* a crime's statutory elements *and* sentencing factors when determining whether an offense is "punishable" by a certain term of imprisonment. Here, we are called on to decide whether Defendant's earlier offense was punishable under Washington law by more than one year, and we can no longer follow our earlier precedents that eschewed consideration of mandatory sentencing factors. As noted, Washington statutes prescribe a required sentencing range that binds the sentencing court. The sentencing range can be modified, or rendered inapplicable altogether, if but only if the judge or the jury makes certain factual findings. In this case, no such finding was made, so the court was bound to adhere to the statutory sentencing range. Defendant's offense—as actually prosecuted and adjudicated—was punishable under Washington law by no more than six months in prison. The district court therefore erred by concluding that his offense was punishable by more than one year in prison.

**Sentence VACATED; REMANDED for resentencing.**

---

taken contradictory positions on this issue in different federal courts"). The government has failed to explain, either in briefing or at oral argument, why its position has changed. Although the government's about-face does not affect our analysis, we note that some Justices have concluded that "serious questions are raised when the sovereign itself takes inconsistent positions in two separate criminal proceedings against two of its citizens." *Bradshaw v. Stumpf*, 545 U.S. 175, 189 (2005) (Souter, J., joined by Ginsburg, J., concurring) (quoting *Jacobs v. Scott*, 513 U.S. 1067, 1070 (1995) (Stevens, J., dissenting from the denial of certiorari)).