UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | | |
|---|---|---|
| TONY CARZELL GREEN, | ) | No. 17-35281 |
| | ) | |
| Petitioner-Appellant, | ) | D.C. No. 3:16-cv-00406-MC |
| | ) | |
| v. | ) | ORDER AMENDING |
| | ) | DISPOSITION AND DENYING |
| CALVIN JOHNSON, | ) | APPELLANT'S PETITION FOR |
| | ) | REHEARING AND FOR |
| Respondent-Appellee. | ) | REHEARING EN BANC |
| | ) | |

Before: FERNANDEZ and IKUTA, Circuit Judges, and SESSIONS,[*] District Judge.

The disposition filed herein on November 30, 2018, is amended as follows:

(1) After the citation that follows penultimate sentence on page five of the disposition we add:

> Moreover, Green's Washington cocaine conspiracy
> conviction was properly treated as a felony for career
> offender purposes under the United States Sentencing
> Guidelines. *See* USSG §§4B1.1, 4B1.2 (1997). That is,

---

[*]The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

it was legally proper to use the maximum authorized sentence for his crime of conviction under Washington law rather than the actual sentence that was imposed by Washington in 1995. *See United States v. Rodriquez*, 553 U.S. 377, 390–92, 391 n.5, 128 S. Ct. 1783, 1792–93, 1792 n.5, 170 L. Ed. 2d 719 (2008); *United States v. Crawford*, 520 F.3d 1072, 1080 (9th Cir. 2008); *United States v. Murillo*, 422 F.3d 1152, 1154 (9th Cir. 2005). Furthermore, the later cases relied upon by Green[8] do not affect our law regarding his federal sentence, even though they can affect federal career offender calculations that rely upon Washington convictions under Washington's newer sentencing scheme.[9]

(2) At the bottom of page five, we add the following footnotes:

[8] *Moncrieffe v. Holder*, 569 U.S. 184, 194–95, 198, 133 S. Ct. 1678, 1686–87, 1689, 185 L. Ed. 2d 727 (2013); *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 582, 130 S. Ct. 2577, 2589, 177 L. Ed. 2d 68 (2010); *United States v. Valencia-Mendoza*, 912 F.3d 1215, 1222–24 (9th Cir. 2019).

[9] *Compare* Wash. Rev. Code § 9.94A.505(2)(b) (2007), *and* Wash Rev. Code. § 9.94A.535(2), (3) (2007), *with* Wash. Rev. Code § 9.94A.120(7) (1995), *and* Wash. Rev. Code § 9.94A.390(2) (1995).

With the above amendments, the panel has voted unanimously to deny the petition for rehearing. The petition for rehearing en banc was circulated to the judges of the court, and no judge requested a vote for en banc consideration.

The petition for rehearing and the petition for rehearing en banc are DENIED.

No subsequent petition for rehearing or rehearing en banc will be entertained.