NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-35674 |
| Plaintiff-Appellee, | D.C. Nos.    4:18-cv-05044-EFS |
| v. | 2:03-cr-06016-EFS-1 |
| JOSE MANUEL AGUIRRE-GANCEDA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted July 10, 2019**
Seattle, Washington

Before:  BERZON and WATFORD, Circuit Judges, and ROTHSTEIN,*** District
Judge.

In 2004, the district court sentenced Jose Aguirre-Ganceda to a mandatory

term of life imprisonment for conspiring to distribute methamphetamine.  21

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Barbara Jacobs Rothstein, United States District Judge
for the Western District of Washington, sitting by designation.

U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846 (2004).  In 2017, Aguirre-Ganceda moved to vacate his sentence on the ground that three of his four prior convictions can no longer serve as "felony drug offense" predicates.  28 U.S.C. § 2255.  The district court denied this motion, a decision from which Aguirre-Ganceda now appeals.

Today, as in 2004, the term "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."  21 U.S.C. § 802(44).  We use the categorical approach to determine whether a conviction meets the elements of a felony drug offense.  *See United States v. Ocampo-Estrada*, 873 F.3d 661, 667 (9th Cir. 2017).  By its plain text, the federal definition contains two elements: first, the offense must be "punishable by imprisonment for more than one year" under applicable law; and second, the offense must "prohibit[ ] or restrict[ ] conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."  § 802(44).

Aguirre-Ganceda's motion can succeed only if he is correct as to all three challenged convictions, since the mandatory life sentence can be sustained by two convictions for a "felony drug offense."  § 841(b)(1)(A)(viii) (2004).  In his reply brief, Aguirre-Ganceda argued for the first time that the maximum allowable term of imprisonment for his 2000 Washington conviction was 60 days under a

mandatory sentencing range, not the five years authorized by statute. *See United States v. Valencia-Mendoza*, 912 F.3d 1215, 1222–23 (9th Cir. 2019). We need not decide whether Aguirre-Ganceda has forfeited this challenge because, even assuming that his Washington conviction cannot serve as a predicate for his life sentence, the other two convictions were for felony drug offenses. We accordingly affirm.

**1.** Aguirre-Ganceda was convicted of violating California Health & Safety Code § 11379(a) (1991), which encompasses "every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any controlled substance" classified by the State. Though Aguirre-Ganceda contends otherwise, this actus-reus element is not overbroad. Each of acts listed in § 11379(a) is "conduct relating to" a controlled substance. 21 U.S.C. § 802(44); *see United States v. Rosales*, 516 F.3d 749, 758 (9th Cir. 2008).

The controlled-substance element of § 11379(a) is overbroad but divisible. *See United States v. Barragan*, 871 F.3d 689, 714–15 (9th Cir. 2017). Count 1 of the felony complaint identified the controlled substance as methamphetamine, and the abstract of judgment stated that Aguirre-Ganceda was convicted of Count 1. Taken together, these two documents establish that the controlled substance

underlying this conviction was methamphetamine. *See United States v. Torre-Jimenez*, 771 F.3d 1163, 1169 (9th Cir. 2014). Methamphetamine is a "depressant or stimulant substance[ ]" within the meaning of § 802(44). *See Ocampo-Estrada*, 873 F.3d at 666 n.1.

**2.** Aguirre-Ganceda's conviction for possessing a controlled substance under California Health & Safety Code § 11377(a) (1996) also qualifies as a felony drug offense. As with § 11379(a), the controlled-substance element of § 11377(a) is overbroad but divisible. *See Coronado v. Holder*, 759 F.3d 977, 984–85 (9th Cir. 2014). Here, the record of conviction contains a felony complaint, a plea agreement, and minute reports that together establish that Aguirre-Ganceda was convicted of possessing methamphetamine. *See United States v. Valdavinos-Torres*, 704 F.3d 679, 687–88 (9th Cir. 2012).

Aguirre-Ganceda also contends that this conviction does not satisfy the definition of "felony drug offense" because it has since been reclassified by the State of California as a misdemeanor. This contention is foreclosed by *United States v. Diaz*, 838 F.3d 968, 972 (9th Cir. 2016). *See also Burgess v. United States*, 553 U.S. 124, 126–27 (2008) ("A state drug offense punishable by more than one year therefore qualifies as a 'felony drug offense,' even if state law classifies the offense as a misdemeanor.").

**AFFIRMED.**