**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee*,

v.

JOHNNY ANDRES ASUNCION III,
            *Defendant-Appellant.*

No. 18-30130

D.C. No.
1:17-cr-02015-
EFS-1

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted May 7, 2020
Seattle, Washington

Filed September 4, 2020

Before: William A. Fletcher and Johnnie B. Rawlinson,
Circuit Judges, and Vince Chhabria,[*] District Judge.

Opinion by Judge Chhabria

---

[*] The Honorable Vince Chhabria, United States District Judge for
the Northern District of California, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel affirmed a sentence for possession with intent to distribute 50 grams or more of methamphetamine, in a case in which the district court imposed the mandatory minimum life sentence set forth in 21 U.S.C. § 841(b)(1)(A) (2018) for defendants previously convicted of two or more "felony drug offenses," as defined in 21 U.S.C. § 802(44).

Section 802(44) defines "felony drug offenses" as offenses related to certain controlled substances that were "punishable by imprisonment for more than one year." Distinguishing *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019), in which the applicable guideline range for the state conviction did not exceed one year but the state's guideline system sharply limited the judge's discretion to impose a sentence above the range, the panel held that a prior state conviction is an offense "punishable by imprisonment for more than one year" where the guideline contemplated a sentence no greater than one year but the judge had broad discretion to go above the range.

The panel also held that section 401 of the First Step Act—which scaled back the mandatory minimum penalties for repeat drug offenders—does not apply to defendants who were sentenced before its enactment.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel rejected the defendant's other arguments in a concurrently filed memorandum disposition.

## COUNSEL

Dan B. Johnson (argued), Spokane, Washington, for Defendant-Appellant.

Francesco Valentini (argued), Trial Attorney; Matthew S. Miner, Deputy Assistant Attorney General; Brian A. Benczkowski, Assistant Attorney General; Benjamin D. Seal, Assistant United States Attorney; William D. Hyslop, United States Attorney; United States Attorney's Office, Washington, D.C., for Plaintiff-Appellee.

## OPINION

CHHABRIA, District Judge:

We recently held that a prior state conviction is not an offense "punishable by imprisonment for a term exceeding one year"—and therefore does not trigger federal sentencing enhancements—if the applicable guideline range for the state conviction did not exceed one year and if the state's guideline system sharply limited the judge's discretion to impose a sentence above the range. In this case, we conclude that the same cannot be said of a prior state conviction where the guideline range contemplated a sentence no greater than one year but the judge had broad discretion to go above the range. In such a case, even if the defendant happened to be sentenced to less than one year, the prior offense was indeed "punishable" by more than one year. We also conclude that section 401 of the First Step Act—which scaled back the

mandatory minimum penalties for repeat drug offenders—does not apply to defendants who were sentenced before the enactment of that statute.

I

In 2017, a federal jury convicted Johnny Andres Asuncion of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a) and (b)(1)(A)(viii). This was not Asuncion's first drug conviction. His record included three possession convictions in Washington state court in 2000 and 2004, and one distribution conviction in federal court in 2007. Under the federal drug laws, these prior convictions would trigger mandatory minimum sentences if the convictions were for "felony drug offenses"—that is, offenses related to certain controlled substances that were "punishable by imprisonment for more than one year." 21 U.S.C. § 802(44) (defining "felony drug offense" for purposes of § 841).

The district court found that all four convictions counted as prior felony drug offenses. The prior federal conviction had resulted in a sentence longer than one year. The prior state convictions had each resulted in sentences of one year or less, but the Washington statute under which Asuncion was convicted set a maximum penalty of five years. It was thus a simple matter for the district court: under Ninth Circuit law at the time, courts looked to the "maximum statutory sentence for the offense" to determine whether a prior drug offense was punishable by imprisonment for more than one year. *United States v. Murillo*, 422 F.3d 1152, 1154 (9th Cir. 2005). The mandatory minimum sentence for defendants who had previously been convicted of two or more felony drug offenses was life in prison, and the district court sentenced Asuncion accordingly. *See* 21 U.S.C. § 841(b)(1)(A) (2018).

Asuncion appealed. While his appeal was pending, there were two meaningful changes in law relevant to his case. First, in December 2018, Congress passed the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. Section 401 of the Act scales back the recidivism penalties for drug offenses under 21 U.S.C. § 841. It specifies that a prior offense triggers a mandatory minimum sentence only if it was for a "serious drug felony," as opposed to any "felony drug offense." § 401(a)(2), 132 Stat. at 5220–21 (amending 21 U.S.C. § 841(b)(1)). A prior offense counts as a "serious drug felony" only if the defendant actually "served a term of imprisonment of more than 12 months." § 401(a)(1), 132 Stat. at 5220 (codified at 21 U.S.C. § 802(57)). In addition, Section 401 of the First Step Act reduces the length of the mandatory minimum sentences triggered by prior drug offenses. The minimum for defendants with two or more prior convictions is now twenty-five years rather than life in prison. § 401(a)(2)(A)(ii), 132 Stat. at 5220. The minimum for defendants with one prior conviction is now fifteen years rather than 20. § 401(a)(2)(A)(i), 132 Stat. at 5220.

Second, we decided *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019) and reversed our earlier rule that sentencing guidelines had no bearing on the term of imprisonment for which a crime was punishable. We concluded, in light of recent Supreme Court precedent, that even if a state statute governing a prior drug offense prescribes a maximum sentence of more than one year, the state's sentencing guideline system can affect whether the defendant was, in fact, convicted of a crime "punishable by imprisonment for a term exceeding one year." *Id.* at 1216, 1224. The defendant in *Valencia-Mendoza* was convicted under a statute that carried a maximum prison term of longer than a year, but the high end of the range assigned to him by the state's guideline system was less than a year, and the

judge's discretion to go above the high end of the range was sharply constricted. *Id.* at 1216. Accordingly, we held that he was not convicted of a crime punishable by more than a year. *Id.* at 1224.

In light of these developments, Asuncion makes two primary arguments on appeal. First, he contends that under *Valencia-Mendoza*, none of his state crimes were "punishable by imprisonment for more than one year" because the high ends of his guideline ranges never exceeded twelve months. If true, this would mean that Asuncion committed only one prior felony drug offense and should not have been sentenced as if he had committed two or more. And it would result in a sentence of 20 years rather than life in prison (assuming the First Step Act were held not to apply). *See* 21 U.S.C. § 841(b)(1) (2018).

Second, Asuncion argues that section 401 of the First Step Act should apply because his conviction and sentence were on appeal (and therefore still pending) when the law was enacted. If that were true, his three prior state convictions would not count (regardless of the outcome of his first argument), because the offenses were not "serious drug felonies" within the meaning of section 401. In this scenario, Asuncion, who received a mandatory life sentence, would need to be resentenced with fifteen years as the new mandatory minimum sentence—what the First Step Act prescribes for a defendant with one qualifying prior conviction. *See* § 401(a)(2)(A)(i), 132 Stat. at 5220.

Although Asuncion did not raise these arguments below, they rest on legal developments that took place after his

sentencing, so we consider them de novo. *See United States v. McAdory*, 935 F.3d 838, 842 (9th Cir. 2019).[1]

## II

Asuncion's prior state offenses carried a statutory maximum term of imprisonment of five years, but the guideline calculation for each offense resulted in a range whose top end did not exceed one year. He was sentenced within the guideline range for each offense. Asuncion contends that under *Valencia-Mendoza*, these guideline ranges—not the maximum term of imprisonment authorized by the substantive statute—determine whether his offenses were "punishable by imprisonment for more than one year." 21 U.S.C. § 802(44). We disagree.

In *Valencia-Mendoza*, the defendant was convicted and sentenced for unlawful reentry in violation of 8 U.S.C. § 1326(a). 912 F.3d at 1216. He had previously been convicted of a drug crime in Washington state court, and under the federal sentencing guidelines, a prior state conviction results in a higher offense level (and thus a higher guideline range) if the crime was "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2 cmt. n.2. The maximum penalty for Valencia-Mendoza's prior state conviction exceeded a year, but he received a shorter sentence: Washington's guidelines called for a sentence of six months or less. And under the guideline system in place at the time, the judge had authority to sentence a defendant above the guideline range only under limited circumstances spelled out in Washington's

---

[1] Asuncion makes a number of other arguments on appeal, but they are insubstantial and we reject them in a concurrently filed memorandum disposition.

sentencing statute, and only upon making specific factual findings (none of which were made for Valencia-Mendoza). 912 F.3d at 1223.

Given these circumstances, we concluded that Valencia-Mendoza's prior conviction was not for a crime punishable by imprisonment for more than a year. *Id.* at 1223–24. We emphasized the distinction between Washington's current guideline system—under which Valencia-Mendoza had been sentenced—and the previous version. Under the previous version, the state court judge had broad discretion to sentence a defendant to a term of imprisonment above the applicable guideline range. The judge could conduct "an open-ended inquiry into any potential factual circumstance" and impose a sentence above the guideline range based on that inquiry. *Id.* at 1223. The guidelines offered a set of factors that the court might "consider in the exercise of its discretion to impose an exceptional sentence," but noted that the factors were "illustrative only and . . . not intended to be exclusive reasons for exceptional sentences." Wash. Rev. Code § 9.94A.535 (2004).

But the guideline system in place by the time of Valencia-Mendoza's sentencing was—and remains—"materially more restrictive" than the earlier one. 912 F.3d at 1223. "[T]he sentencing court could not deviate from the statutory sentencing range," we explained, "unless it found that one of four specific factual circumstances was present." *Id.* Having made no such finding in Valencia-Mendoza's case, the state court was required to impose a within-range sentence: "the top sentence of the guidelines range was the maximum possible statutory punishment," and thus, we held, the maximum term for which his offense was punishable. *Id.* The upshot of our analysis—even though we did not say it in so many words—was that if the defendant

had been sentenced under Washington's previous sentencing regime, his crime would have been punishable by more than one year, because under that system the judge had broad, open-ended discretion to impose a sentence above the guideline range (and thus above a year).[2]

Indeed, the result in *Valencia-Mendoza* likely could not have been reached without drawing this distinction between Washington's previous and current systems. In *United States v. Rodriquez*, 553 U.S. 377 (2008), the Supreme Court analyzed the significance of prior drug convictions under Washington's previous guideline system in deciding whether those convictions triggered a recidivism penalty under the Armed Career Criminal Act. *Id.* at 380. The Court held that the recidivism penalty applies if the statutory maximum for the offense equals or exceeds ten years, regardless of any lower guideline range in a particular defendant's state case. *Id.* at 390–92. This was so largely because of the discretion that guideline systems like Washington's (at the time) gave judges to impose sentences above the range. *Id.* at 391. In light of the Supreme Court's holding in *Rodriquez*, it is difficult to see how we could have reached the same result in *Valencia-Mendoza* if the

---

[2] The Supreme Court's 2004 decision in *Blakely v. Washington*, 542 U.S. 296 (2004) prompted Washington to amend its guideline system such that judges no longer had broad latitude to impose above-range sentences. In *Blakely*, the Court held that Washington's guideline system was unconstitutional because it allowed judges to impose exceptional sentences on the basis of facts neither admitted by the defendant nor found by a jury. *Id.* at 303–04. Accordingly, Washington's guideline system no longer allows judges to impose exceptional sentences on the basis of any relevant factual circumstances.

defendant had been sentenced under Washington's previous guideline system.[3]

Asuncion was sentenced for his prior state drug offenses under Washington's previous guideline system. And the statute governing Asuncion's three prior state convictions prescribed a maximum prison sentence of more than one year. Wash. Rev. Code § 69.50.401(d) (2000, 2004). Therefore, even though Asuncion was sentenced within guideline ranges whose top ends were no greater than one year, the convictions were for felony drug offenses that subjected him to the recidivism penalties prescribed by 21 U.S.C. § 841(b)(1)(A).

Asuncion protests that there is not really such a sharp distinction between the current and previous guideline systems in Washington, at least for purposes of the question we are considering. He notes that in both systems the judge must make factual findings before imposing a sentence above the guideline range, and if the judge makes no such findings, the defendant must be sentenced within the guideline range. Asuncion notes further that even though the system now permits above-guideline sentences based on judge-found facts in only four enumerated circumstances, the judge retains a certain amount of discretion in

---

[3] *Rodriquez* considered whether the guideline system had affected the "maximum term of imprisonment prescribed by law," whereas *Valencia-Mendoza* addressed a slightly different interpretive question: whether the guideline system affected the term of imprisonment for which an offense was "punishable." Although this distinction was noted in *Valencia-Mendoza*, 912 F.3d at 1223, we do not see how this difference in wording alone could have supported the outcome in that case.

determining whether some of those circumstances exist.[4] While these are fair points, it nonetheless remains true that a judge's discretion to impose an above-guideline sentence was far greater under the previous system than the current one—a distinction that was critical to our ruling in *Valencia-Mendoza*. And whatever line-drawing difficulties could be presented in future cases by that distinction, our decision in *Valencia-Mendoza*—along with the Supreme Court's decision in *Rodriquez*—dictates the outcome here.

---

[4] The four circumstances are:

> (a) The defendant and the state both stipulate that justice is best served by the imposition of an exceptional sentence outside the standard range, and the court finds the exceptional sentence to be consistent with and in furtherance of the interests of justice and the purposes of the sentencing reform act.

> (b) The defendant's prior unscored misdemeanor or prior unscored foreign criminal history results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter, as expressed in RCW 9.94A.010.

> (c) The defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished.

> (d) The failure to consider the defendant's prior criminal history which was omitted from the offender score calculation pursuant to RCW 9.94A.525 results in a presumptive sentence that is clearly too lenient.

Wash. Rev. Code § 9.94A.535(2).

III

Although Asuncion's three state convictions count as prior drug felonies, he would still be subject to a lower mandatory minimum sentence if section 401 of the First Step Act applied to his case. Only his prior federal conviction falls within the new label of "serious drug felony," because that was the only conviction for which he actually served more than one year in prison. § 401(a)(1), 132 Stat. at 5220. And the mandatory minimum sentence for a defendant with one prior countable offense is now fifteen years. § 401(a)(2)(A)(i), 132 Stat. at 5220.

We have not yet published an opinion deciding whether a defendant sentenced prior to the First Step Act's enactment in December 2018 is eligible for resentencing under section 401. We hold that Asuncion, who was sentenced in May 2018, is ineligible for resentencing, a conclusion that follows inescapably from the statute's text.

Section 401 says that its amendments "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." § 401(c), 132 Stat. at 5221. In the context of the First Step Act, a sentence is "imposed" when the district court pronounces the sentence, and not, as Asuncion argues, when the conviction becomes final after appeal. This plain meaning of the term "imposed" is reinforced by other federal statutes. For example, Congress directs district courts to "impose a sentence sufficient, but no greater than necessary," to comply with the purposes of federal sentencing. 18 U.S.C. § 3553(a); *see also, e.g.*, *Gall v. United States*, 552 U.S. 38, 40 (2007). All circuits to have considered the question have come to the same conclusion. *See United States v. Gonzalez*, 949 F.3d 30, 42 (1st Cir. 2020); *United States v. Aviles*, 938 F.3d 503, 510 (3d Cir.

2019); *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019); *United States v. Pierson*, 925 F.3d 913, 928 (7th Cir. 2019), *cert. granted, judgment vacated on other grounds*, 140 S. Ct. 1291 (2020); *Young v. United States*, 943 F.3d 460, 463 (D.C. Cir. 2019); *see also United States v. Jordan*, 952 F.3d 160, 172 (4th Cir. 2020) (interpreting identical language in section 403 of First Step Act); *United States v. Gomez*, 960 F.3d 173, 177–78 (5th Cir. 2020) (same). Because Asuncion's sentence was imposed in May 2018, months before the First Step Act was enacted, he is not entitled to be resentenced according to its reforms.

**AFFIRMED.**