NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50077 |
| Plaintiff-Appellee, | D.C. No. 5:03-cr-00084-VAP-24 |
| v. | |
| GEORGE WILLIAMS, AKA G, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted February 17, 2021[**]

Before:     FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Federal prisoner George Williams appeals pro se from the district court's

order denying his "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C.

§ 2241 or for Any Relief Submitted Pro Se," in which he sought a reduction in his

life sentence by retroactive application of the First Step Act of 2018.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Williams contends that he is eligible for a sentence reduction under section 401 of the First Step Act. However, section 401 applies to pre-Act conduct only if the defendant's sentence had not yet been imposed as of the date of the Act's enactment. *See* First Step Act § 401(c); *United States v. Asuncion*, 974 F.3d 929, 934 (9th Cir. 2020). It is undisputed that Williams's sentence was imposed in 2006 and became final in 2009; the district court therefore did not err by determining Williams was ineligible for relief. *See Asuncion*, 974 F.3d at 934. Nor did the district court err by determining the General Savings Statute, 1 U.S.C. § 109, also foreclosed applying the new sentencing regime to Williams. *See United States v. Baptist*, 646 F.3d 1225, 1227 (9th Cir. 2011). To the extent Williams contends that non-retroactive application of section 401 violates the Equal Protection Clause of the Fifth Amendment, that argument is foreclosed. *See id.* at 1228-29.

Williams's motion requesting that his opening brief be treated as his reply is granted.

**AFFIRMED.**

20-50077