NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10212 |
| Plaintiff-Appellee, | D.C. No. 2:06-cr-00310-HDM-PAL-1 |
| JOSEPH HALL, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted May 14, 2021
Pasadena, California

Before: BERZON and BYBEE, Circuit Judges, and CARDONE,** District Judge.

Joseph Hall appeals the district court's partial denial of his motion for a reduced sentence. We review the district court's sentencing decision for abuse of discretion, *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc), and affirm.

The parties recognize that the district court correctly calculated Hall's new

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

statutory sentencing range; correctly held Hall is a career offender under the Sentencing Guidelines; and, based on Hall's career offender status and his statutory offense maximum, correctly calculated his new Guidelines sentencing range. The record does not support Hall's contention that the district court nonetheless erred because it believed Hall's requested variance would be impermissible and thus "fail[ed] to consider the § 3553(a) factors." *Id*.

Hall argued to the district court that a downward variance from the Guidelines was warranted under the 18 U.S.C. § 3553(a) sentencing factors to take into account the subsequent, nonretroactive change in law since his 2006 offense.[1] The government agreed that such a variance would be permissible, although it argued against any variance in this case.

After hearing the parties' arguments, the district court correctly stated the two-step analysis under *U.S. v. Kelley*, 962 F.3d 470, 475 (9th Cir. 2020), *petition*

---

[1] Hall agrees he is subject to a statutory sentencing range of 10 years to life imprisonment because of prior felony drug convictions. Under Section 401 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), however, Hall's prior convictions would no longer qualify for an enhanced statutory sentence because they are not "serious drug felon[ies]." Thus, if current law applied retroactively to Hall's resentencing, Hall's new statutory sentencing range would have instead been 5 to 40 years' imprisonment, which would have reduced his Guidelines sentence to about 22-27 years' imprisonment. Section 401 "appl[ies] to any offense that was committed before [December 21, 2018], if a sentence for the offense has not been imposed as of such date." Hall does not argue that Section 401 applies retroactively to his resentencing. *See United States v. Asuncion*, 974 F.3d 929, 934 (9th Cir. 2020); *United States v. Kelley*, 962 F.3d 470, 475 (9th Cir. 2020), *petition for cert. filed*, No. 20-7474 (U.S. Mar. 17, 2021).

*for cert. filed*, No. 20-7474 (U.S. Mar. 17, 2021); accurately represented Hall's position with regard to the § 3553(a) factors; stated that "[u]nder any law, [Hall is] a career offender," thus recognizing that two sets of law were arguably pertinent for § 3553(a) purposes; and reiterated that Hall's overall criminal record did not justify deviating from a bottom-of-the-Guidelines sentence.

Hall's contrary understanding of the district court's ruling misreads the record. The district court's comment that "[t]he Court does not consider Hall's exposure to any enhanced sentence" pertained to the first step of the *Kelley* analysis, where the district court calculates the new statutory and Guideline sentencing range, not the second step of determining the appropriate sentence under § 3553(a), which is the subject of this appeal. The court's comment that "[t]he Court will not consider" a particular defense argument addressed an alternative avenue for sentencing relief under 18 U.S.C. § 3582, not a variance under § 3553(a).

Given the record, as well as both the "assum[ption] that districts judges know the law" and the presumption that "[a] within-Guidelines sentence ordinarily needs little explanation," *Carty*, 520 F.3d at 992, the district court did not abuse its discretion.

AFFIRMED.

3