**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 1 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50025 |
| Plaintiff-Appellee, | D.C. No. 2:05-cr-00578-JFW-28 |
| v. | |
| RUBEN MEDINA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted May 14, 2021
Pasadena, California

Before:  BERZON and BYBEE, Circuit Judges, and CARDONE,[**]
District Judge.

Defendant/Appellant Ruben Medina appeals the district court's

denial of his motion for a reduced sentence pursuant to the First Step

Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (FSA).  We have

*        This disposition is not appropriate for publication and is
not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Kathleen Cardone, United States District
Judge for the Western District of Texas, sitting by designation.

jurisdiction under 28 U.S.C. § 1291. We review denials of FSA motions for sentence reductions for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 52 (2007) (explaining that the abuse of discretion standard "applies to all sentencing decisions"). We affirm.

Assuming that Medina committed covered offenses that rendered him eligible to move for a sentence reduction pursuant to the FSA, the district court did not abuse its discretion when it denied his motion.

Medina was sentenced for the offenses giving rise to this appeal in 2007, or eleven years before the FSA was enacted, and his original twenty-year sentence has not since been disturbed. Medina's conspiracy to manufacture and distribute crack cocaine base and distribute methamphetamine was charged as a violation of both 21 U.S.C. §§ 846 and 841(a)(1). Since this offense involved at least 500 grams of a substance containing a detectable amount of methamphetamine, or at least 50 grams of methamphetamine, 21 U.S.C. § 841(b)(1)(A)(viii) (2006) was one of the applicable penalty provisions. *See United States v. Kelley*, 962 F.3d 470, 475 (9th Cir. 2020). And Medina's 2000 conviction for possession of cocaine for sale in violation of California Health and Safety Code § 11351 was a

predicate felony drug offense that triggered increased statutory penalties under 21 U.S.C. § 841(b)(1) (2006). *See* 21 U.S.C. § 802(44).

Under these circumstances, Medina was subject to a twenty-year mandatory minimum sentence for the methamphetamine aspect of his multi-drug conspiracy offense. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (2006) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years."). And, although § 401 of the FSA reduced the statutory sentencing enhancements for qualifying predicate drug convictions under 21 U.S.C. § 841(b), Medina cannot benefit from this change in the law.

The FSA's amendments to 21 U.S.C. § 841(b) concerning enhanced sentences based upon prior drug convictions are applicable only in cases where "a sentence for the offense has not been imposed as of [December 21, 2018]." *United States v. Asuncion*, 974 F.3d 929 (9th Cir. 2020), held that a sentence is "'imposed' when the district court pronounces the sentence," *id*. at 934, which, in this case, occurred in 2007. Therefore, the predicate offense originally applied

to enhance Medina's conspiracy sentence remains applicable, resulting in a minimum twenty-year sentence on that charge. Had the district court elected to resentence Medina on the crack cocaine possession charge, which it could have (the parties recognized that charge certainly qualified as a "covered offense"), the sentence on the conspiracy count would still have been a twenty-year mandatory minimum, as "*a* sentence for [that] offense [had] been imposed as of [December 21, 2018]." (emphasis added).

The district court thus correctly recognized that Medina's prior conviction for possession of cocaine for sale would no longer qualify as a predicate felony offense, and would not trigger a 20-year mandatory minimum, under current law. Still, Medina cannot now benefit from the FSA's amendments to 21 U.S.C. § 841(b) concerning increased sentences based upon prior drug convictions. Because Medina's twenty-year sentence for his conspiracy offense is at its statutory floor, the district court could not reduce it. *See United States v. Sharp*, 883 F.2d 829, 831 (9th Cir. 1989). For these reasons, the district court did not err when it denied Medina's FSA motion for a reduced sentence.

**AFFIRMED.**

4