**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

AHMAD JEROME MCADORY,
*Defendant-Appellant.*

No. 18-30112

D.C. No.
2:17-cr-00199-RSM-1

OPINION

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Argued and Submitted May 14, 2019
Seattle, Washington

Filed August 28, 2019

Before:  Michael Daly Hawkins, William A. Fletcher,
and Mark J. Bennett, Circuit Judges.

Opinion by Judge Hawkins

### SUMMARY[*]

### Criminal Law

The panel reversed a criminal judgment in a case in which the defendant was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and remanded with instructions that the district court vacate the conviction and dismiss the indictment.

An offense qualifies as a predicate felony for conviction under § 922(g)(1) if it is "punishable by imprisonment for a term exceeding on year." The panel concluded that it is bound by *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019), which defines "punishable by" as the sentence to which the defendant is actually exposed under Washington's mandatory sentencing scheme, and which explicitly overruled *United States v. Murillo*, 422 F.3d 1152 (9th Cir. 2005) (holding that "punishable by" is defined by the state statute of violation).

The panel held that because none of the defendant's prior convictions had standard sentencing ranges exceeding one year, and none was accompanied by written findings of any of the statutory factors that would justify an upward departure, the defendant had no predicate offenses within the meaning of § 922(g)(1).

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Ann Wagner (argued) and Gregory Geist, Assistant Federal Public Defenders, Office of the Federal Public Defender, Seattle, Washington, for Defendant-Appellant.

Michael Symington Morgan (argued), Assistant United States Attorney; Helen J. Brunner, First Assistant United States Attorney; Brian T. Moran, United States Attorney; United States Attorney's Office, Seattle, Washington; for Plaintiff-Appellee.

## OPINION

HAWKINS, Senior Circuit Judge:

When is a felony not a felony for the purposes of 18 U.S.C. § 922? When Ahmad McAdory ("McAdory") was charged and later sentenced under § 922(g)(1), the answer was straightforward. According to *United States v. Murillo*, 422 F.3d 1152 (9th Cir. 2005), a felony was a crime punishable by a term of imprisonment exceeding one year as defined by the statute of violation. But intervening authority, not available below to the district court or the parties, *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019), now defines "punishable by" as the sentence to which the defendant is actually exposed under Washington's mandatory sentencing scheme, explicitly overruling *Murillo*. Because we are bound by *Valencia-Mendoza* and none of McAdory's prior convictions actually exposed him to a term of imprisonment exceeding one year, we reverse his felon in possession conviction under 18 U.S.C. § 922(g)(1).

## BACKGROUND

In April 2017, Seattle police responded to a report of a traffic collision. Three occupants of the crashed car fled the scene; only two were apprehended. McAdory was not one of them, but the police found McAdory's wallet and identification in the back seat of the car, along with a 9mm Smith & Wesson pistol. Ballistics testing linked this pistol to a drive-by shooting that took place several weeks prior.

Warrants were already pending for McAdory's arrest in connection with several thefts from cell phone stores in Washington and Oregon. Seattle Police Officers went to the residence of McAdory's girlfriend and arrested McAdory on the theft warrants. McAdory told the officers he had a gun, and the officers recovered a 9mm Smith & Wesson pistol from his pocket. Later investigation revealed that the pistol was stolen; McAdory said he bought it from an individual in Tacoma. McAdory admitted that he had been the third, unapprehended occupant of the car and that he had been present at the drive-by shooting associated with the pistol recovered from the car. But he denied owning that pistol and claimed he had never fired a gun.

McAdory was charged as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The indictment alleged he had three prior convictions, each punishable by a term of imprisonment exceeding one year, for: (1) Taking a Motor Vehicle without Permission in the Second Degree, (2) Residential Burglary, and (3) Felony Harassment.

All of McAdory's prior convictions were in Washington, which has a mandatory system of sentencing guidelines. *See* Wash. Rev. Code § 9.94A.505(2)(a). In addition to the statutory maximum provided for each offense, Washington

law prescribes a "standard sentence range" based on the offender's "offender score" and the "seriousness level" of the offense. *See id.* §§ 9.94A.505(2)(a)(i), 9.94A.510. The presence of certain aggravating or mitigating factors can alter a defendant's standard sentencing range. *See id.* § 9.94A.533. The sentencing court may depart from the standard sentencing range only if, after consideration of certain statutorily enumerated considerations, the court finds "that there are substantial and compelling reasons justifying an exceptional sentence." *See id.* § 9.94A.535. Should a sentencing court depart from the standard range, it must explain its decision to do so in writing. *See id.* Under this scheme, McAdory was sentenced in each of his prior cases as follows.

For the Taking a Motor Vehicle without Permission conviction, McAdory pled guilty and had a standard range of actual confinement of 0–90 days. The statutory maximum sentence was five years. The court did not make a finding of substantial and compelling reasons to justify a sentence above or below the standard range, and sentenced McAdory to fifteen days of confinement.

For the Residential Burglary conviction, McAdory pled guilty and had a standard sentencing range of 0–30 days of detention. The statutory maximum sentence was ten years. The court made no special findings, allegations, or sentencing enhancements. McAdory was sentenced to twenty-one days confinement, with credit for twenty-one days of pre-disposition detention.

For the Felony Harassment conviction, McAdory initially received a deferred disposition and had a standard sentencing range of 0–30 days of detention. The statutory maximum sentence was five years. The court imposed no

confinement, and there is no indication the court made any special findings or sentencing enhancements.

McAdory pled guilty to violating § 922(g)(1) and admitted that each of these prior offenses was "punishable by a term of imprisonment exceeding one year." His guilty plea also resolved some, but not all, of his state theft charges. He was sentenced to twenty-four months in prison, with credit for time served.[1]

McAdory timely appealed his sentence but not his conviction. However, we granted his request to file a supplemental opening brief addressing the effect on his conviction of our decision in *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019), which was decided after McAdory submitted his first opening brief.[2, 3]

## DISCUSSION

McAdory argues that our recent decision in *Valencia-Mendoza* dictates that none of his prior offenses were predicate felonies for purposes of § 922(g)(1), because none were for offenses "punishable by imprisonment for a term

---

[1] At sentencing, the Government did not seek an enhancement for the use of this (or any other) firearm in the furtherance of a felony, conceding it did not know whether McAdory was the triggerman at any of the crimes associated with the firearm in McAdory's possession.

[2] Because we reverse the judgment of conviction, we do not reach McAdory's arguments about the validity of his sentence, nor do we recite the facts relevant to them.

[3] The Government's motion for leave to file a corrected answering brief [Dkt. #48] is **GRANTED**.

exceeding one year." We agree and reverse the judgment of conviction against him.

### a. Standard of Review

"We generally review arguments not raised before the district court for plain error." *United States v. Garcia-Lopez*, 903 F.3d 887, 892 (9th Cir. 2018) (quoting *United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1106 (9th Cir. 2009)). "However, we are not limited to this standard of review when we are presented with [1] a question that is purely one of law and [2] where the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." *Id*. (citation omitted). Here, whether McAdory's prior convictions qualify as predicate felonies under § 922(g)(1) is a purely legal question. The Government suffers no prejudice because of McAdory's failure to raise the issue to the district court—at the time, under then-current law, the answer would have been obvious and in the Government's favor. On appeal, the effect of intervening law was the subject of supplemental briefing and the main focus of oral argument so the Government has had a full opportunity to present its views. Accordingly, we review the legal question presented in this case de novo.

### b. Legal Framework

An offense qualifies as a predicate felony for a conviction under § 922(g)(1) if it is "punishable by imprisonment for a term exceeding one year." *Id.*

At the time McAdory pled guilty, whether a Washington conviction qualified as a predicate felony for conviction under § 922(g)(1) was governed by *United States v. Murillo*, 422 F.3d 1152 (9th Cir. 2005). In *Murillo*, we held that

> in determining whether a Washington state criminal conviction is of a crime punishable by a term exceeding one year for purposes of prosecution under 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), the maximum sentence for the prior conviction is defined by the state criminal statute, not the maximum sentence in the particular case set by Washington's sentencing guidelines.

*Id.* at 1153.   Thus, each of McAdory's prior offenses qualified as a felony because the statutory maximum for each offense exceeded one year in prison.

However, after McAdory submitted his opening brief in this appeal, we explicitly overruled *Murillo* in *Valencia-Mendoza*.   912 F.3d at 1222.   There, the defendant pled guilty to unlawfully reentering the United States after having been removed, in violation of the Immigration and Nationality Act.   *Id.* at 1612; *see* 8 U.S.C. § 1326(a).   The district court applied a federal Sentencing Guidelines enhancement for individuals previously convicted of "felonies," defined as offenses "punishable by imprisonment for a term exceeding one year."   *See Valencia-Mendoza*, 912 F.3d at 1216 (citing U.S.S.G. § 2L1.2 & cmt. n.2).   The defendant argued his prior drug possession conviction should not count as a felony, even though the associated statutory maximum exceeded a year, because his sentence under Washington's mandatory sentencing guidelines could not have exceeded six months.   *Id.* at 1216.

*Valencia-Mendoza* discussed several of our cases, including *Murillo*, that interpreted the phrase "punishable

by" in a variety of statutory contexts.[4] *Id.* at 1218–20. After reciting the holdings of these cases, we analyzed their continuing vitality in light of two intervening Supreme Court cases, *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), and *Moncrieffe v. Holder*, 569 U.S. 184 (2013).[5] *See Valencia-Mendoza*, 912 F.3d at 1218–19. We explained:

> We held in . . . *Murillo* [and other cases] that, when considering whether a crime is "punishable" by more than one year, we would look solely to the statutory maximum term of imprisonment that corresponds to the elements of the crime charged; we declined to consider sentencing factors. But in *Carachuri-Rosendo* and *Moncrieffe*, the Supreme Court held that, when considering whether a crime is "punishable" by more than one year, the court must examine both the elements and the sentencing factors that correspond to the crime of conviction. Accordingly, we hold that our earlier precedents are irreconcilable with

---

[4] We also discussed *United States v. Rios-Beltran*, 361 F.3d 1204 (9th Cir. 2004), which addressed whether a conviction under Oregon's sentencing scheme was "punishable by" more than a year of imprisonment for the purposes of applying United States Sentencing Guideline § 2L1.2, *see id.* at 1208, and *United States v. Crawford*, 520 F.3d 1072 (9th Cir. 2008), which applied *Murillo* in the context of United States Sentencing Guideline § 4B1.2(b), *see id.* at 1079–80. *See Valencia-Mendoza*, 912 F.3d at 1218–19.

[5] This issue was extensively briefed. *See* Appellant's Opening Brief at 14–20 and Appellee's Answering Brief at 5–12, *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019) (No. 17-30158).

> *Carachuri-Rosendo* and *Moncrieffe* and must
> be overruled.

*Id.* at 1222.  These "earlier precedents," of course, included
*Murillo*.  Later in our opinion, we reiterated that "we can no
longer follow our earlier precedents that eschewed
consideration of mandatory sentencing factors."  *Id.* at 1224.

### c.   Whether McAdory Has Any Predicate Felonies Under 18 U.S.C. § 922(g)(1).

McAdory claims our rejection in *Valencia-Mendoza* of
*Murillo*'s interpretation of § 922(g)(1) requires us to hold
that none of his convictions were predicates under
§ 922(g)(1).  The Government urges us to "treat this part of
the *Valencia-Mendoza* argument as dicta, and not binding,"
and to apply *Murillo*.  We conclude that we are bound to
apply *Valencia-Mendoza*'s reading of § 922(g)(1).

"[W]here a panel confronts an issue germane to the
eventual resolution of the case, and resolves it after reasoned
consideration in a published opinion, that ruling becomes the
law of the circuit, regardless of whether doing so is
necessary in some strict logical sense." *Catacean Cmty. v.
Bush*, 386 F.3d 1169, 1173 (9th Cir. 2004) (citing *United
States v. Johnson*, 256 F.3d 895, 914 (9th Cir. 2001) (en
banc) (Kozinski, J., concurring); *see also Barapind v.
Enomoto*, 400 F.3d 744, 750–51 (9th Cir. 2005) (en banc)
(per curiam) ("In [a prior case], the [issue] was . . . presented
for review.  We addressed the issue and decided it in an
opinion joined in relevant part by a majority of the panel.
Consequently, our articulation of [the issue] became law of
the circuit, regardless of whether it was in some technical
sense 'necessary' to our disposition of the case." (footnotes
omitted)).  In other words, "[w]ell-reasoned dicta is the law
of the circuit," *Enying Li v. Holder*, 738 F.3d 1160, 1164 n.2

(9th Cir. 2013), but we are not bound by a prior panel's comments "made casually and without analysis, . . . uttered in passing without due consideration of the alternatives, or . . . [done as] a prelude to another legal issue that commands the panel's full attention," *United States v. Ingham*, 486 F.3d 1068, 1078 n.8 (9th Cir. 2007) (citing *Johnson*, 256 F.3d at 915 (Kozinski, J., concurring)).

Considering this distinction, we are bound by our decision in *Valencia-Mendoza* to overturn *Murillo* as resting on an interpretation of the phrase "punishable by" that is incompatible with Supreme Court case law. *Valencia-Mendoza* made a reasoned and deliberate decision that a Washington conviction is only "punishable by" a year or more of imprisonment for purposes of § 922(g)(1) if the defendant's conviction actually exposed the defendant to that sentence under the state's mandatory sentencing scheme. Even if a conviction under § 922(g)(1) was not before us in that case, our conclusion with respect to § 922(g)(1) is the very type of "well-reasoned dicta" by which we are bound. *Enying Li*, 738 F.3d at 1164 n.2. Our decision in *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193 (9th Cir. 2008), which deemed a "stray remark in one of our opinions" to be non-binding, is not to the contrary, *see id.* at 1193 n.3.

Accordingly, we consider McAdory's prior convictions to have been "punishable by imprisonment for a term exceeding one year," such that they would serve as predicates under § 922(g)(1), only if McAdory's convictions actually exposed him to sentences of that length. None of McAdory's prior convictions had standard sentencing ranges exceeding one year, nor were any accompanied by written findings of any of the statutory factors that would justify an upward departure. Thus, the district court

convicted McAdory under § 922(g)(1) even though he had no predicate offenses within the meaning of the statute.

**REVERSED AND REMANDED. THE DISTRICT COURT IS INSTRUCTED TO VACATE THE JUDGMENT OF CONVICTION AND TO DISMISS THE INDICTMENT.**