NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 4 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONULFO ADAN CIFUENTES
VICENTE,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-73319

Agency No. A070-916-907

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2020[**]
Pasadena, California

Before: FERNANDEZ, PAEZ, and OWENS, Circuit Judges.

Petitioner Ronulfo Adan Cifuentes Vicente, a citizen of Guatemala, petitions

for review of the Board of Immigration Appeals (BIA)'s decisions dismissing his

appeal of the Immigration Judge (IJ)'s denial of his application for cancellation of

removal. "We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

questions of law when a final order of removal is predicated on a criminal offense." *Mielewczyk v. Holder*, 575 F.3d 992, 994 (9th Cir. 2009). "Whether a particular conviction is a removable offense is a question of law we review de novo." *Id.* (citation and brackets omitted). For the reasons explained below, we grant the petition and remand.

1.      Our prior decisions dictate the outcome of Cifuentes' petition. Although a non-citizen may generally seek cancellation of removal under 8 U.S.C. § 1229b, such relief is prohibited if the non-citizen has been convicted of an offense enumerated in 8 U.S.C. §§ 1182(a)(2), 1227(a)(2), or 1227(a)(3). *See* § 1229b(b)(1)(C). Sections 1182(a)(2)(A)(i)(II) and 1227(a)(2)(B)(i) include convictions for "a violation of (or a conspiracy or attempt to violate) any law or regulation of a State . . . relating to a controlled substance (as defined in section 802 of Title 21)."

We have repeatedly held that generic solicitation statutes are not laws "relating to a controlled substance." *Leyva-Licea v. INS*, 187 F.3d 1147, 1149 (9th Cir. 1999); *Coronado-Durazo v. INS*, 123 F.3d 1322, 1325 (9th Cir 1997); *see Mielewczyk*, 575 F.3d at 996 ("[C]onvictions under generic solicitation statutes do not render [a non-citizen] removable under 8 U.S.C. § 1227(a)(2)(B)(i), 'even when the underlying solicited conduct is a narcotics violation.'" (quoting *Leyva-Licea*, 187 F.3d at 1149)). And we previously determined in *Mielewczyk* that

2

California Penal Code (CPC) section 653f(d) is a generic solicitation statute, and thus not a law relating to a controlled substance. 575 F.3d at 998. Therefore, Cifuentes' conviction under CPC section 653f(d) does not render him removable under 8 U.S.C. §§ 1227(a)(2)(B)(i) or 1182(a)(2)(A)(i)(II).

2.      The BIA erred by characterizing our statement in *Mielewczyk* as nonbinding dicta. When "a panel confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion, that ruling becomes the law of the circuit, regardless of whether doing so is necessary in some strict logical sense." *United States v. McAdory*, 935 F.3d 838, 843 (9th Cir. 2019) (quoting *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1173 (9th Cir. 2004)). "In other words, 'well-reasoned dicta is the law of the circuit.'" *Id.* (quoting *Enying Li v. Holder*, 738 F.3d 1160, 1164 n.2 (9th Cir. 2013)).

In *Mielewczyk*, we considered whether a conviction under California Health and Safety Code (CHSC) section 11352(a) for offering to transport heroin constituted a violation of a law "relating to a controlled substance" under 8 U.S.C. § 1227(a)(2)(B)(i). 575 F.3d at 993. We distinguished CHSC section 11352 from CPC section 653f(d), concluding that only the latter is a "generic solicitation statute." *Id.* at 998. Thus, the petitioner's conviction rendered him removable under § 1227(a)(2)(B)(i). *Id.*; *see also Guerrero-Silva v. Holder*, 599 F.3d 1090, 1093 (9th Cir. 2010).

3

Our conclusion regarding CPC section 653f(d) was "germane to the eventual resolution of the case." *McAdory*, 935 F.3d at 843 (citation omitted). And the issue was resolved "after reasoned consideration," *id.*, as the analysis compared California and Arizona's solicitation and controlled substance laws to determine which were generic solicitation statutes. We are therefore bound by our prior conclusion that CPC section 653f(d) is a generic solicitation statute, and not a law relating to a controlled substance. The BIA erred by concluding otherwise.

Accordingly, for the above reasons, we grant Cifuentes' petition for review and remand to the agency for further proceedings consistent with this disposition.

**Petition for review GRANTED and REMANDED.**

4