FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.22-50046 |
| *Plaintiff-Appellee*, | D.C. No. 2:21-cr-00296-JFW-1 |
| v. | |
| EDGAR HERNANDEZ LEMUS, AKA Edgar Hernanez Lemus, | OPINION |
| *Defendant-Appellant*. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.22-50051 |
| *Plaintiff-Appellee*, | D.C. No. 2:21-cr-00296-JFW-3 |
| v. | |
| JUNIOR ALMENDAREZ MARTINEZ, | |
| *Defendant-Appellant*. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted December 5, 2023
Pasadena, California

Filed March 5, 2024

Before:  Kim McLane Wardlaw, Kenneth K. Lee, and
Patrick J. Bumatay, Circuit Judges.

Opinion by Judge Bumatay

## SUMMARY[*]

### Criminal Law

The panel affirmed convictions for conspiracy under 18 U.S.C. § 371; aiding and abetting the receipt of the proceeds of extortion under 18 U.S.C. §§ 880, 2(a); and receiving the proceeds of extortion under § 880.

Defendants argued that a § 880 conviction requires knowledge that the money at issue was obtained from extortion. Reviewing for plain error, the panel rejected this contention. The panel held that § 880 only requires knowledge that the proceeds were "unlawfully obtained."

In a concurrently filed memorandum disposition, the panel addressed other issues, affirming except as to the restitution amount which it vacated and remanded for recalculation.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Ethan A. Balogh (argued) and Narai Sugino, Balogh & Co. APC, San Francisco, California; Michael A. Brown (argued), Spertus Landes & Umhofer LLP, Los Angeles, California; for Defendants-Appellants.

Rajesh R. Srinivasan (argued), Joseph D. Axelrad, Jeffrey M. Chemerinsky, and Kathy Yu, Assistant United States Attorneys, Criminal Appeals Section; Bram M. Alden, Assistant United States Attorney, Criminal Appeals Section Chief; E. Martin Estrada, United States Attorney; United States Attorney's Office, Central District of California, Los Angeles, California; for Plaintiff-Appellee.

**OPINION**

BUMATAY, Circuit Judge:

Federal law criminalizes receiving the proceeds of extortion. *See* 18 U.S.C. § 880. But must a person *know* that the money or property at issue was in fact payment from extortion? Or is it sufficient for a person to know that the money was somehow "unlawfully obtained"? *Id*. In this case, Edgar Hernandez Lemus and Junior Almendarez Martinez (collectively, "Defendants") ask us to resolve these questions. Based on its plain language, we conclude that § 880 requires only that the government prove knowledge that the proceeds were "unlawfully obtained." And so we affirm Defendants' convictions, rejecting their § 880 mens rea arguments. In a concurrently filed memorandum disposition, we address Defendants' other challenges to their

convictions and sentences.  We affirm on those grounds as well except we vacate the restitution amount and remand for recalculation.

## I.

This case centers on a conspiracy to kidnap Mexican nationals seeking to enter the United States illegally and extort ransom payments from their families.  The extortion plot followed a pattern.  The victims would arrive in Mexicali, Mexico—right on the border with the United States—looking to enter the United States.  There, one or more women would approach them and offer a quick and safe way to cross the border.  After agreeing to a price, the victims met their smugglers at a hotel before setting off for the border.  But they never reached the United States.  Instead, the smugglers kidnapped the Mexican nationals and demanded ransom payments from their family members.  Family members in the United States would then go to a Walmart, Target, or Lowe's to hand over the ransom payments to Lemus, Almendarez, and others.

The Federal Bureau of Investigation learned about the extortion plot.  During the ensuing investigation, FBI agents followed Defendants and twice observed them collect what they believed to be ransom payments.  Investigators also believed Defendants collected money from family members on other occasions.

Based on this, Defendants and a co-conspirator were indicted on one count of conspiracy under 18 U.S.C. § 371 and one count of aiding and abetting the receipt of the proceeds of extortion under 18 U.S.C. §§ 880, 2(a).  Lemus was also charged with one count of receiving the proceeds of extortion under 18 U.S.C. § 880.  The co-conspirator

pleaded guilty before trial. Trial lasted three days, and the jury found the Defendants guilty on all counts.

Defendants now appeal their convictions and sentences. In this opinion, we address the argument that their § 880 convictions were based on an erroneous jury instruction, which also affected their § 371 conspiracy convictions. Because they did not object to the jury instruction before the district court, we review their claim for plain error. *See United States v. Michell*, 65 F.4th 411, 414 (9th Cir. 2023) (applying plain-error review to a claim that jury instruction on knowledge was erroneous). While Defendants ask us to review this claim de novo as it involves only a question of pure law, *see United States v. McAdory*, 935 F.3d 838, 841–42 (9th Cir. 2019), in our discretion, we decline to do so. To reverse on plain error, there must be (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Yijun Zhou*, 838 F.3d 1007, 1012 (9th Cir. 2016).

## II.

### A.

Federal law not only prohibits various forms of extortion, but it also broadly prohibits taking any part in the handling of the proceeds of extortion. 18 U.S.C. § 880. Under § 880, "[a] person who receives, possesses, conceals, or disposes of any money or other property which was obtained from the commission of any offense under this chapter that is punishable by imprisonment for more than 1 year, knowing the same to have been unlawfully obtained," faces up to three years' imprisonment. *Id.*

To violate § 880, the money at issue must have been obtained from threats or extortion-related offenses. The term "any offense under this chapter" refers to violations of Chapter 41 of Title 18, which covers various offenses ranging from threats against the President, *id*. § 871; to blackmail, *id*. § 873; to kickbacks, *id*. § 874; and to mailing threatening communications, *id*. §§ 875–77. This case involves extortion under 18 U.S.C. § 875(a), which criminalizes transmitting "any communication containing any demand or request for a ransom or reward for the release of any kidnapped person."

To convict Defendants of violating § 880, the jury instruction here required the jury to find three elements: that (1) "the defendant received, possessed, or concealed money;" (2) "the money was obtained from the transmission in interstate or foreign commerce of a communication that contained a demand for ransom for the release of a kidnapped person;" and (3) "the defendant knew the money had been unlawfully obtained."

We're concerned with the third element here—the knowledge requirement.

Defendants argue that § 880 requires that they knew the money at issue was obtained from the demand for ransom— not just that the money was "unlawfully obtained." They base this argument on the statute's use of the words "knowing the same," which they construe as requiring knowledge for the entire preceding phrase "any money or other property which was obtained from the commission of [extortion]." So they argue that "knowing the same" necessarily mandates or requires that a defendant know that the money possessed or received was obtained from extortion.

The government disagrees.  In its view, the phrase "the same" is modified by knowledge that the money involved was "unlawfully obtained."  Thus, to the government, § 880's knowledge requirement is satisfied if the defendant knew the money received was "unlawfully obtained"—regardless of whether the defendant understood that the illegal conduct was extortion.

## B.

So this question turns on the plain meaning of the words "knowing the same."  *See B.P. P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1537 (2021) ("When called on to interpret a statute," courts "generally seek[] to discern and apply the ordinary meaning of its terms at the time of their adoption." (simplified)).  To begin, "the same" means "something that has previously been defined or described" or "[b]eing the one previously mentioned or indicated."  *See* Merriam-Webster's New International Dictionary 2007 (3d ed. 1993); American Heritage Dictionary 1595 (3d 1992).  In other words, "the same" is just shorthand for something that has already been mentioned, defined, or described.

To see what's been previously mentioned, defined, or described, we need to examine each clause of the statute.  The first clause of § 880 contains the actus reus—prohibiting "receiv[ing], possess[ing], conceal[ing], or dispos[ing]" of certain money or property.  The second clause explains the object of the actus reus or the type of proceeds involved—"money or other property which was obtained from the commission of any offense under this chapter."  And the last clause, the clause at issue, establishes the mens rea requirement—that the defendant know "the same" was

"unlawfully obtained."   Thus, "the same" must refer to something in the previous two clauses.

When the clauses are read together, it becomes clear that the defendant must only possess knowledge that the money or property at issue is "unlawfully obtained."

First, notice that "the same" must refer to the *object* of the actus reus because it is an adjectival phrase rather than an adverbial one.   Second, observe that "the same" is modified by knowledge that the object was "unlawfully obtained."   So "unlawfully obtained" applies to the entire object of the actus reus.   To illustrate how this works, let's plug that definition into the statutory language.  In longform, § 880 would read like this:

> A person who receives, possesses, conceals, or disposes of any money or other property which was obtained from the commission of any offense under this chapter that is punishable by imprisonment for more than 1 year, knowing ***any money or other property which was obtained from the commission of any offense under this chapter*** to have been unlawfully obtained, shall be imprisoned not more than 3 years, fined under this title, or both.

§ 880 (modified).

Read as a whole, the phrase "the same" is simply a short description of what must be known by the defendant as "unlawfully obtained."   As for the phrase "unlawfully obtained," it requires that a defendant receive something "not lawful: contrary to or prohibited by law: not authorized

or justified by law: [or] not permitted or warranted by law." Merriam-Webster's New International Dictionary 2502 (3d ed. 1993) (expressly applying this definition to unlawful "money").

Under this reading, a defendant only needs to know that the money received, which must be obtained through threats or extortion to fall within § 880, was obtained in any manner contrary to or prohibited by law. Specific knowledge of the money's origin as proceeds of extortion or threats is unnecessary. If Congress wanted the mens rea requirement to include knowledge of the extortion, it could have easily added "from extortion" to "unlawfully obtained." It did not. And that should end our inquiry.

Requiring a defendant to know that the money received be from extortion, as Defendants contend, would make the phrase "unlawfully obtained" superfluous. If § 880 requires such knowledge, then the statute's express reference to "unlawfully obtained" would serve no purpose because "unlawfully obtained" encompasses extortion and other crimes. Simply, if the defendant knew the proceeds were from extortion, then the defendant would necessarily know that the proceeds were "unlawfully obtained." Thus, that phrase would do no work. And we should avoid reading a provision that would make any part of it "inoperative or superfluous, void or insignificant." *Corley v. United States*, 556 U.S. 303, 314 (2009) (simplified). By recognizing that knowledge of the money's origin be from *any* "unlawful[]" activity rather than from extortion or threats in particular, we give full meaning to all the text of § 880.

So we join the Fifth Circuit in concluding that § 880 only requires knowledge that the money or property at issue be

"unlawfully obtained."  *See United States v. Anderson*, 932 F.3d 344 (5th Cir. 2019).

## C.

Avoiding § 880's plain language, Defendants look elsewhere to justify their interpretation.

First, they contend that we must look to the "background" principle that "courts interpret criminal statutes to require that a defendant possess a *mens rea*, or guilty mind, as to every element of an offense." *Torres v. Lynch*, 578 U.S. 452, 467 (2016).  According to the Supreme Court, it's important to do this to "separat[e] wrongful from innocent acts" and ensure that the defendant had a "wrongful mental state." *Rehaif v. United States*, 139 S. Ct. 2191, 2196, 2198 (2019).  So we'll sometimes "interpret[] statutes to include a scienter requirement even where the statutory text is silent on the question" or "where 'the most grammatical reading of the statute' does not support one." *Id.* at 2197 (simplified).  In *Rehaif*, for example, the Court said reading a knowledge requirement into an element was necessary to separate wholly innocent conduct (lawfully possessing a firearm in that case) from criminal conduct (possessing a firearm as an illegal alien). *Id.* at 2195–97.

But there's no need to read "knowingly" into the statute because Congress already specified a mental state necessary to violate § 880 that separates wrongful from innocent conduct:  the defendant must know that the money received was "unlawfully obtained."  18 U.S.C. § 880.  Thus, there's no worry that "wholly innocent conduct" is swept up in § 880 given the defendant's knowledge of receiving the proceeds of illegality.  Section 880 thus complies with any requirement that "the defendant must know each fact making his conduct illegal." *Torres*, 578 U.S. at 467 (simplified).

Second, Defendants also contend that § 880's title, "Receiving the proceeds of extortion," reinforces their reading of the statute. They argue that the title suggests that a person can't violate § 880 based on knowledge of "just any crime"—it needs to be "extortion." But "[w]hile the 'title of a statute' may help clarify an ambiguous word or phrase, it 'cannot limit the plain meaning of the text.'" *Cal. Rest. Ass'n v. City of Berkeley*, 89 F.4th 1094, 1105 (9th Cir. 2024) (simplified). Because § 880 is clear, there's no need to refer to its title.

Next, Defendants contend that their view of § 880 is supported by two other statutory provisions amended in the same Act as § 880—18 U.S.C. § 1202(b) and 18 U.S.C. § 2114(b). *See* Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, §§ 320601(a)(1), 320601(b)(2), 320602, 108 Stat. 1796, 2115 (1994). They point to language in those provisions similar to § 880:

- **18 U.S.C. § 1202(b)**: "A person who transports, transmits, or transfers . . . any proceeds of a kidnapping punishable under State law by imprisonment for more than 1 year, or receives, possesses, conceals, or disposes of any such proceeds after they have crossed a State or United States boundary, *knowing the proceeds to have been unlawfully obtained*, shall be imprisoned not more than 10 years, fined under this title, or both." (emphasis added).

- **18 U.S.C. § 2114(b)**: "A person who receives, possesses, conceals, or disposes of any money or other property that has been obtained in violation of this section, *knowing the same to have been unlawfully obtained*, shall be imprisoned not more

than 10 years, fined under this title, or both."
(emphasis added).

Because these provisions contain similar language,
Defendants argue that harmonizing these statutes means we
should adopt their reading of § 880.  *See United States v.
Gallendaro*, 579 F.3d 1076, 1083 (9th Cir. 2009) ("When
statutes were enacted at the same time and form part of the
same Act, the duty to harmonize them is particularly acute."
(simplified)).

We're not persuaded.  While Defendants are correct that
these provisions share a similar structure with § 880, it does
not support their reading of § 880.  Though the structure and
plain language of these statutes indeed *suggest* that they
should be interpreted similarly, all three likely only require
a defendant know that the proceeds at issue were somehow
"unlawfully obtained."  And Defendants fail to point us to
any published authority applying a contrary interpretation of
either § 1202(b) or § 2114(b).  In the absence of contrary
authority, the best way to harmonize these provisions with
§ 880 may be to read them the way we have.  We note,
however, neither § 1202(b) nor § 2114(b) is directly before
this court and we make no binding holding on their
interpretation.  We simply respond to Defendants' argument
related to § 880.

We also disagree with Defendants' position that our view
of § 880 creates an incongruity between § 1202(a) and
§ 1202(b).  Section 1202(a) punishes receiving ransom
proceeds in violation of federal law while § 1202(b) bars
receiving kidnapping proceeds in violation of state law.  But
unlike § 1202(b)'s requirement that a defendant only needs
to "know[] the proceeds were unlawfully obtained,"
§ 1202(a) expressly requires a defendant to "know[] the

same to be money or property which has been at any time delivered as such ransom or reward." Thus, § 1202(a) establishes a more specific mens rea requirement than § 1202(b). And Defendants contend we should read § 1202(b)'s "unlawfully obtained" to mean the more specific mens rea to avoid an incongruity between the two subsections.

But we "presume[]" that "Congress' choice of words" is "deliberate." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 353 (2013) (simplified). If Congress had wanted § 1202(a) and § 1202(b) to have the same mens rea, it would've made that clear in the statutory language. But it didn't. And it's "a well-established canon of statutory interpretation that the use of different words or terms within a statute demonstrates that Congress intended to convey a different meaning for those words." *SEC v. McCarthy*, 322 F.3d 650, 656 (9th Cir. 2003) (simplified); *see also* Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 156 (2012). ("[A] material variation in terms suggests a variation in meaning."). If anything, this argument cuts against Defendants—§ 1202(a) shows that Congress knows how to write a statute exactly like Defendants would have us read § 880. That Congress chose different language for § 1202(a) and § 880 only strengthens our interpretation of § 880.

Finally, Defendants argue that our reading of § 880 would render it vague. A criminal law is unconstitutionally vague if it fails to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Beckles v. United States*, 580 U.S. 256, 262 (2017)

(simplified).    As stated above, § 880's knowledge requirement is satisfied if the defendant knew the proceeds at issue were "unlawfully obtained"—meaning obtained in any manner contrary to or prohibited by law.

Defendants' conduct clearly falls within this proscription.  Even if a jury found that they believe the money came from family members paying smugglers to bring their relatives across the border rather than from kidnapping, an ordinary person would be on notice that both sets of conduct are proscribed.  This isn't a fringe case, and because Defendants "engage[d] in some conduct that is clearly proscribed," they "cannot complain of the vagueness of the law as applied to the conduct of others."  *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 495 (1982); *see also Kashem v. Barr*, 941 F.3d 358 (9th Cir. 2019).

## III.

In sum, the district court correctly instructed the jury that it only needed to find that Defendants knew the proceeds received were "unlawfully obtained."

**AFFIRMED**.