NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>GEORGIY CHIPUNOV,<br><br>    Defendant - Appellant. | No. 23-2046<br><br>D.C. No.<br>3:22-cr-01268-W-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted March 28, 2025
Pasadena, California

Before: TASHIMA, NGUYEN, and MENDOZA, Circuit Judges.

Defendant Georgiy Chipunov was convicted by a jury for a bomb hoax

under 18 U.S.C. §§ 1038(a)(1) and 844(i) after he made two 911 calls reporting,

"there's a bomb in the courthouse." Chipunov appeals the conviction on the

grounds that the indictment and the jury instructions did not properly include the

subjective mens rea for a "true threat," as mandated by *Counterman v. Colorado*,

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

600 U.S. 66 (2023), and that the government failed to present sufficient evidence to establish the jurisdictional requirement that the courthouse is "used in" an "activity affecting" interstate commerce, 18 U.S.C. § 844(i). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. "Pre-trial indictment challenges are reviewed de novo." *United States v. Qazi*, 975 F.3d 989, 992 (9th Cir. 2020). "An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009) (internal quotation marks omitted); Fed. R. Crim. P. 7(c)(1). The indictment properly mirrored the language of the statute, provided factual allegations showing what the crime entailed and how he committed it, and identified the statutes under which he was prosecuted. This is sufficient.

The indictment was not faulty for excluding a subjective mens rea for the statute's requirement that the "information may reasonably be believed." *See* 18 U.S.C. § 1038(a)(1). This court has already interpreted 18 U.S.C. § 1038(a)(1), concluding that "the government need not prove that [the defendant] 'intended' that his victims could 'reasonably believe' his false information." *United States v. Castagana*, 604 F.3d 1160, 1166 (9th Cir. 2010). Because Chipunov does not challenge the constitutionality of 18 U.S.C. § 1038(a)(1), his challenge that the indictment was deficient for failing to allege a subjective intent element as required

by the First Amendment, *see Counterman*, 600 U.S. at 69, fails, *Castagana*, 604 F.3d at 1165 (rejecting the defendant's constitutional challenge to the jury instructions where he "raised no such First Amendment claim" regarding the statute).

2. "We review challenges to a district court's jury instructions for plain error when, as here, the defendant did not object below," *United States v. Jaimez*, 45 F.4th 1118, 1122 (9th Cir. 2022), even where the unpreserved claim concerns a missing or misstated element of the crime, *see Greer v. United States*, 593 U.S. 503, 506–08 (2021). "However, we are not limited to [the plain error] standard of review when we are presented with [1] a question that is purely one of law and [2] where the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." *United States v. McAdory*, 935 F.3d 838, 841–42 (9th Cir. 2019) (cleaned up). While the parties dispute the standard of review, under either standard, Chipunov's challenge to the jury instructions fails for the same reasons as his challenge to the indictment. *See Castagana*, 604 F.3d at 1165.

3. "We review de novo if there is sufficient evidence of the interstate commerce element of an offense." *United States v. Mahon*, 804 F.3d 946, 950 (9th Cir. 2015). The court must construe the evidence "'in the light most favorable to the prosecution,' and only then determine whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"

23-2046

*United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  The jury was presented with evidence that the courthouse at issue contains a snack shop or cafeteria, *see United States v. Serang*, 156 F.3d 910, 913 (9th Cir. 1998) ("A restaurant is clearly commercial property. . . .  As a commercial enterprise, it had a per se substantial effect on interstate commerce."), and that the courthouse hears cases involving out-of-state litigants, receiving "people from all over."  Drawing all inferences in favor of the prosecution, a rational juror could infer that the courthouse affects interstate commerce.  *United States v. Ramirez*, 714 F.3d 1134, 1138 (9th Cir. 2013) ("[J]urors are entitled—nay, required—to draw inferences on matters that are not off-limits to them.").

**AFFIRMED.**