**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 2 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MANUEL PEREZ,

      Defendant - Appellant.

No. 24-3040

D.C. No.
2:22-cr-00333-MEMF-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Maame Ewusi-Mensah Frimpong, District Judge, Presiding

Argued and Submitted March 6, 2025
Pasadena, California

Before: SANCHEZ and H.A. THOMAS, Circuit Judges, and DONATO, District
Judge.[**]

      Appellant-Defendant Manuel Perez ("Perez") was convicted by a jury for

abusive sexual contact, 18 U.S.C. §§ 2244(b), 7(8) and simple assault of an

individual under the age of sixteen, 18 U.S.C. §§ 113(a)(5), 7(8).  Following his

---

      [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**] The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

conviction, Perez moved for a new trial on the basis of erroneous jury instructions, newly discovered evidence, and ineffective assistance of counsel. The district court denied the motion and sentenced Perez to twelve months of imprisonment, followed by a five-year period of supervised release. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand for further proceedings.

1. We review Perez's challenge to the jury instructions for plain error because Perez failed to timely object, and we decline to exercise our discretion to review the instructions de novo under *United States v. McAdory*, 935 F.3d 838, 841-42 (9th Cir. 2019). Under plain error review, Perez must establish "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Cotton*, 535 U.S. 625, 631 (2002) (brackets and internal quotation marks omitted). The district court did not plainly err in its jury instructions.

First, the district court's instruction for abusive sexual contact did not constructively amend the indictment by including "inner thigh" in the definition of "sexual contact" even though Perez was only indicted for touching the "buttocks" of victim A.A.S. "We reject constructive amendment claims when the government does not introduce evidence at trial that would enable the jury to convict the defendant for conduct with which he was not charged." *United States v. Soto-Barraza*, 947 F.3d 1111, 1119 (9th Cir. 2020) (citation and internal quotation

marks omitted). Here, no evidence was adduced at trial that would have enabled the jury to convict Perez for touching A.A.S.'s inner thigh. The only evidence presented by the Government concerned Perez touching A.A.S.'s outer thigh and side of the buttocks.

Second, the district court did not plainly err by not defining the term "buttocks." "A district court does not commit plain error by failing to define a word when it is a common word which an average juror can understand and which the average juror could have applied to the facts of the case without difficulty." *United States v. McCaleb*, 552 F.3d 1053, 1059 (9th Cir. 2009) (brackets and internal quotation marks omitted). "Buttocks" is one such word.

Finally, the district court did not plainly err by relying on the Ninth Circuit's Model Criminal Jury Instruction 8.7 to define simple assault as a general intent crime. The law of this circuit appears unsettled as to whether simple assault under 18 U.S.C. § 113(a)(5) is a general or specific intent crime. *See, e.g.*, *United States v. Skeet*, 665 F.2d 983, 987 (9th Cir. 1982) (describing the intent for simple assault to be "that [the defendant] intended to threaten [the victim]"); *United States v. Lamott*, 831 F.3d 1153, 1156-57 (9th Cir. 2016) (explaining that the absence of the phrase "with intent to" in the text of a related federal assault offense is indicative of a general intent requirement). "An error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent

3                                                    24-3040

leads to conflicting results." *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003) (citation omitted).

2. We review for abuse of discretion the denial of a motion for a new trial on the basis of newly discovered evidence. *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc). We find no abuse of discretion here. If "all of the underlying facts relevant to [a defendant's] present allegations of newly discovered evidence were within his knowledge at the time of trial and could have been substantiated with the exercise of reasonable diligence, the evidence is not newly discovered." *Baumann v. United States*, 692 F.2d 565, 580 (9th Cir. 1982). That is the case here. Perez offers evidence of two expert reports discussing his medical conditions and their impact on his state of mind but Perez already knew about and had informed his counsel of these conditions at the time of trial.

3. We decline to review Perez's claim of ineffective assistance of counsel by former counsel Robert Helfend. Such claims are generally not reviewable on direct appeal unless "the record on appeal is sufficiently developed to permit determination of the issue, or . . . the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Jeronimo*, 398 F.3d 1149, 1156 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). Neither exception is met here. The record is not sufficiently developed to

determine the basis for Helfend's decisions at trial, and his performance is not so obviously deficient that it denied Perez's right to competent counsel.

4. The district court did not abuse its discretion by imposing a twelve-month imprisonment sentence. The "touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)," *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc) (cleaned up), such as "the seriousness of the offense" and the need "to afford adequate deterrence to criminal conduct," 18 U.S.C. §§ 3553(a)(2)(A)-(B). Here, the district court reasonably concluded that Perez's offenses were serious because he committed the offenses in the presence of the victims' parents and his own daughter. The district court also determined that the sentence was a reasonable deterrent in light of Perez's apparent lack of remorse.

5. As a condition of supervised release, the district court barred Perez from residing with or being alone with his severely autistic, minor daughter for five years ("Condition No. 6"). The court permitted Perez to seek modification of Condition No. 6, but only upon a psychological evaluation following twelve months of supervised release.

The district court's imposition of Condition No. 6 was substantively and procedurally unreasonable. Condition No. 6 is substantively unreasonable because "[w]e cannot justify the imposition of conditions of supervised release that so

drastically infringe on the fundamental right to familial association on the basis of a record devoid of any suggestion that [the defendant] poses a sexual risk to his daughters." *United States v. Wolf Child*, 699 F.3d 1082, 1097 (9th Cir. 2012). Absent from the record is any indication that Perez poses a sexual risk toward his daughters. On the contrary, Perez's wife and family want him to return to his role as his autistic daughter's primary caregiver. That Condition No. 6 may be modified after twelve months upon a psychological evaluation to determine whether Perez is a "danger" to his children does not render it substantively reasonable because the record does not indicate a need to assess for such danger.

The district court's imposition of Condition No. 6 was also procedurally unreasonable. "[W]hen a supervised release condition targets a defendant's right to associate with an intimate family member, the district court must 'undertake an individualized review' on the record of the relationship between the defendant and the family member at issue to determine whether the restriction is necessary to accomplish the goals of deterrence, protection of the public, or rehabilitation." *Id.* at 1090 (quoting *United States v. Napulou*, 593 F.3d 1041, 1047 (9th Cir. 2010)). Here, the district court did not undertake an individualized review to determine whether Condition No. 6 was necessary for up to five years. Instead, the district court cited to its "reasons that were stated" when it denied Perez's request to eliminate what was effectively the same condition from his pre-sentencing bond

24-3040

conditions. But Condition No. 6 burdens Perez's right to familial association for an additional one to five years. The district court's failure to explain why this significant extension of the burden was necessary constituted procedural unreasonableness.

Accordingly, we vacate Condition No. 6 and remand for resentencing consistent with this decision.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**